WILLIAM TALCOTT, Assignee of THOMAS SANFORD, jun. a Bankrupt, *against* JAMES GOODWIN, 2d.

The assignee of a bankrupt, under the late bankrupt law of the *United States*, must prove title, in an action of ejectment, like any other party, by producing the original deeds.

THIS was an action of ejectment.

The defendant pleaded the general issue. On the trial, the plaintiff, to show title in himself as assignee, after having proved the commission and assignment, offered in evidence a copy of a deed from the records of the town of *Hartford*, duly certified by the town clerk, from *George Bull* to the bankrupt, conveying the

demanded premises. The plaintiff, at the same time, proved, by one of the commissioners, and their secretary, that the original deed was not delivered to the commissioners by the bankrupt, nor to the plaintiff by the commissioners. It also appeared, that the commissioners never demanded it of the bankrupt. The defendant objected to the admission of the copy in evidence, for that the plaintiff was bound by law to produce the original. This objection prevailed; and the defendant obtained a verdict.

The plaintiff moved for a new trial, on the ground that the court mistook the law in rejecting this evidence; which motion was reserved for the consideration of the nine judges.

*Goodrich* and *Dwight*, in support of the motion.

It is a part of this case, that the plaintiff was not *possessed* of the original deed at the time he offered the copy in evidence. The question will then be, whether it was within his *power;* for if it was neither within his possession nor power, it will be admitted that a certified copy was evidence.

By the 5th section of the late bankrupt law, it is made the duty of the commissioners to take all the estate, deeds, &c. of the bankrupt, *previous* to the appointment of any assignee. By the 18th section, the correspondent duty of the bankrupt is declared to deliver up his estate, deeds, &c. All this is to be done between the commissioners and the bankrupt; the assignee, of course, can have no concern in the transaction. By another section, the commissioners are directed to assign all the bankrupt's effects " aforesaid" to the assignee. He takes only what they give. The commissioners may examine the bankrupt upon oath, and if he

June, 1808.

TALCOTT
v
GOODWIN.

June, 1808.

TALCOTT
v.
GOODWIN.

refuses to answer fully, may imprison him; but the assignee has no such authority.

Further, the commissioners, by the 17th section of the bankrupt act, are authorized to make special assignments of property fraudulently conveyed by the bankrupt *prior to his becoming bankrupt*. This kind of property would rarely, if ever, be the subject of inquiry, at the time of surrendering. If it were, it is questionable whether the bankrupt could be compelled to accuse himself of fraud. But it would often not be discovered, until the commissioners had taken possession of the estate; perhaps not until after the bankrupt had obtained his certificate. At any rate, the commissioners would never demand, and, of course, the bankrupt would not deliver, deeds of land thus conveyed.

There is another consideration, which must be decisive of this case. The assignee comes in *by operation of law;* and therefore is not bound to have possession of the deeds. The *statute* transfers the property to the assignee for the benefit of the creditors. Should the bankrupt refuse to deliver up his notes and bonds, the assignee still could recover the debts; if the bankrupt should refuse to deliver up his deeds, the assignee, for the same reason, could recover his lands. *Gray* v. *Fielder*, Cro. Car. 209. *Stockman* v. *Hampton*, Cro. Car. 442. 1 *Cooke's B. L.* [17.] 13 *Eliz.* [24.] 1 *Jac.* I. [32.] 21 *Jac.* I. [35.] 5 *Geo.* II.

*Ingersoll* and *Daggett*, contra, insisted that the evidence offered was opposed to two established principles of law;

1. That the best evidence, which the nature of the case will allow, shall be required.

2. That the subscribing witnesses to an instrument shall be called.

They then went into a full examination of the provisions of the bankrupt law, particularly those in the 2d, 3d, 5th, 6th, 7th, 18th, 20th, 22d, and 36th sections, to show that no inconvenience would arise from a strict adherence to the general rules of evidence.

June, 1808.

TALCOTT
v.
GOODWIN.

BY THE COURT. It is a well known rule in real actions, that the plaintiff must recover by the strength of his own title, and not by the weakness of the defendant's. When he claims by a deed of feoffment, it is necessary for him to produce on trial the original instrument, and prove the execution and recording in the manner required by law; unless he can show it has been lost or destroyed by time or accident, or that it is in the possession of the defendant, or some other person out of his reach and control. But when it becomes necessary to trace a title through sundry prior conveyances, then, as it has never been practised here for purchasers to take the title deeds, and as all deeds are required to be recorded, we have admitted copies from the records to be given in evidence. These are deemed *prima facie* evidence, and the party producing them is not bound to prove their execution. If the other party contests it, the burden of proof devolves on him.

In this case, the plaintiff stood in the place of the bankrupt, *Sanford*. He claimed by virtue of a general assignment of all his estate. To make out a title in himself, he must show a title in *Sanford*; and, of course, it was as essential to produce the original deed, and prove the execution in the same manner as if *Sanford* had been the plaintiff on the record. If the deed had been lost, or destroyed, or out of the power of the plaintiff, he might have resorted to secondary evidence. But as it does not appear but that it was in his power to have produced the original deed in court, it was not competent for him to resort to a copy.

New trial not to be granted.