*Windham,*
July, 1828.

Hopkins
*v.*
Plainfield.

---

## TINGLEY *against* CUTLER.

In an action of debt to recover a certain sum, as liquidated damages, for the non-performance of an agreement to purchase and pay for real estate, an unrecorded deed to the plaintiff from his immediate grantor, accompanied by possession of the estate, is *prima facie* evidence of title; and it is unnecessary for the plaintiff, in the first instance, to trace his title farther back.

In an action founded on a written agreement, it is not necessary, that the consideration should be expressed in the writing; but it may be collected from circumstances, and the evidence submitted to the jury.

Where the defendant agreed to purchase of the plaintiff an estate, and to make payment therefor, by taking up certain outstanding notes of his, and by paying the residue of the purchase money in two and three months, with good security; and before the expiration of one month, the defendant refused to accept a deed of the estate from the plaintiff, or to take up the plaintiff's notes, or to give security to perform his agreement; it was held, that such agreement was thereby broken.

Where the defendant agreed to purchase of the plaintiff an estate, and to make payment therefor, in a particular manner; and further agreed, that if he should fail to perform these stipulations, he would pay the plaintiff the sum of 150 dollars; it was held, that this was liquidated damages.

*Windham,*
July, 1828.

Tingley
*v.*
Cutler.

THIS was an action of debt, to recover the sum of 150 dollars, commenced in *January*, 1826.

The cause was tried, on the plea of *nil debet*, at *Brooklyn*, *September* term, 1827, before *Brainard*, J.

The declaration consisted of two counts. In the first, the plaintiff stated, That on the 13th of *December*, 1825, and for a long time previous, he was, and ever since has been, the owner of certain real estate in the town of *Killingly*, [describing it] being the same which the plaintiff bought of *George B. Hutchins*, by deed bearing date *October* 29th, 1825 ; that on said 13th of *December*, there were outstanding against the plaintiff two promissory notes in favour of *Jonathan Cutler*, one for 350 dollars, and the other for 550 dollars, both secured by mortgage on said real estate; that in consideration that the plaintiff, at the special instance and request of the defendant, had promised, by his note or memorandum in writing, of that date, by him signed, to sell to the defendant said real estate for the sum of 1975 dollars, the defendant, by his note or memorandum of that date by him signed, promised to and agreed with the plaintiff, to purchase of him said real estate, for said sum of 1975 dollars, and to make payment therefor, by taking up and cancelling said promissory notes against the plaintiff, and whatever was then due thereon should constitute part payment of said 1975 dollars, 300 dollars to be paid in sixty days, and the remainder by the 1st of *April* then next—with good security ; that the defendant, on the same day, by his note in writing of that date, by him signed, on the back of said first-mentioned note or memorandum, agreed with the plaintiff, that if he, the defendant, did not fulfil his agreement therein contained, he would pay the plaintiff the sum of 150 dollars ; that on the 2nd of *January*, 1826, the plaintiff tendered to the defendant a good warranty deed of said real estate, and demanded of him a fulfilment of said agreement to purchase on his part, but the defendant utterly refused to receive said deed, or to make payment to the plaintiff, as in his said note or memorandum he had agreed to do.

The second count recited the agreement referred to in the first. The face of the note or memorandum was as follows : " *Killingly*, *December*, 13th, 1825. This may certify, that I, *Elisha Cutler*, have bought of *Elisha Tingley* the house and barn which he now occupies, and the store now occupied by *Isaac T. Hutchins* and *E. D. Tarbox*, for the sum of 1975 dollars :

payment to be made as follows :—Turn *Tingley's* notes paya-
ble to *Jonathan Cutler ;* the remainder, 300 dollars, in sixty
days ; the rest, by the 1st day of *April*—with good security.
*Elisha Cutler.*" The writing on the back of the paper, was
as follows: " *Killingly, December* 13th, 1825. The conside-
ration of the within is such, that if *Elisha Cutler* does not per-
form, according to the within instrument, he shall pay the sum
of 150 dollars. *Elisha Cutler.*" In this count no considera-
tion was stated, except what was implied in the agreement
recited.

The defendant objected to a recovery by the plaintiff, on
the following grounds. 1. That the plaintiff traced his title to
the estate no further back than a deed from his own immediate
grantor, and that unrecorded. 2. That the plaintiff had proved
no consideration ; and the writing did not import a considera-
tion. 3. That there was a variance between the declaration
and the proof ; for in the description of the notes, no mention is
made of their being on interest. 4. That the action was pre-
mature ; as the defendant, if he was bound at all, had until the
1st of *April*, 1826, to perform the contract. 5. That the
damages, from the terms of the contract, are open and unliqui-
dated ; and as the plaintiff has proved no special or actual
damage, he is not entitled to recover any.

On the first point, the judge instructed the jury, that a deed,
although unrecorded, is good as between the parties ; and if
such deed be in the hands of the grantee, and he in possession
of the property, this is *prima facie* evidence of title, especially
where no objection is made to the fulfilment of the contract,
on that account.

In relation to the second point, the judge submitted to the
jury the question of fact, whether the consideration stated in
the first count was proved, instructing them, that although
there was no direct testimony to that point, they might infer a
consideration, if the whole circumstances of the case would, in
their opinion, warrant it. He also instructed them, that the
agreement recited in the second count, implied a consideration.

On the third point the judge instructed the jury, that there
was no material variance between the declaration and the
proof, the dates and amounts of the notes being truly given.

On the fourth point the judge instructed the jury, that if they
should find, that within a reasonable time after the making of
the agreement, the plaintiff offered and tendered to the defend-

*Windham,*
July, 1828.

Tingley
*v.*
Cutler.

ant a proper deed of the premises, and demanded of him performance ; and if they should find, that he did not then comply ; and that thereafter, before the commencement of the suit, he had a reasonable time to comply, and did not ; they might infer a refusal and a breach of his contract.

On the fifth point, the judge instructed the jury, that the damages were fixed and liquidated by the contract.

The jury returned a verdict for the plaintiff, with 150 dollars damages.    The defendant thereupon moved for a new trial.

*Strong*, in support of the motion, contended, 1. That the plaintiff did not shew such a title to the estate in question, as entitled him to recover ; but on the contrary, his title was shewn to be imperfect.

2. That the question as to the existence of the considerntion alleged, was submitted to the jury *without any proof.*    The contract in the first and second counts is the same ; and the judge erroneously charged the jury, that such a contract implied a consideration.

3. That the variance between the notes set forth and those proved, was material.

4. That there was no breach, and, of course, no right of action, at the time this suit was commenced.

5. That the damages should have been left to the jury. *Astley* v. *Weldon*, 2 *Bos. & Pull.* 346. 353.

*Goddard* and *Backus*, contra, resisted the claims of the defendant's counsel on the several points in the case.    In relation to the proof of title, they cited 1 *Swift's Dig.* 507. ; to the consideration, 1 *Swift's Dig.* 204. 766. ; to a variance, 3 *Stark. Ev.* 1533. 1548.    *Cunningham* v. *Kimball,* 7 *Mass. Rep.* 65. ; to liquidated damages, *Lowe* v. *Peers,* 4 *Burr.* 2225.    *Astley* v. *Weldon,* 2 *Bos. & Pull.* 346.    1 *Swift's Dig.* 680, 1.

PETERS, J.    Upon the trial, the defendants resisted the plaintiff's claim, on five grounds, *viz.*

1. That the plaintiff showed no other title than an unrecorded deed from his *immediate* grantor.

2. That the plaintiff proved no consideration for the defendant's promise.

3. That there was a material variance between the declaration and the testimony in the description of the notes to be taken up by the defendant.

4. That the action was premature, as the defendant was not bound to fulfil said contract, until the 1st day of *April,* 1826.

5. That the damages were unliquidated, and as none were proved, none could be recovered.

The court charged the jury in favour of the plaintiff, and they returned a verdict accordingly

1, An unrecorded deed from the plaintiff's grantor is good between the parties, and would be sufficient for the plaintiff in an action of ejectment against a wrong-doer ; as a valid deed, accompanied by possession, is *prima facie* evidence of title ; and it is unnecessary for the plaintiff, in the first instance, to trace back his title to the origin of titles. 1 *Sw. Dig.* 507.

2. A sufficient consideration for the defendant's promise is alleged in the first count. The contract is mutual and promise for promise. 1 *Pow.* on *Contr.* 357. There seems not to have been any direct proof of an express consideration. But one is strongly implied. In the first count, the plaintiff avers, that at the request of the defendant, he agreed to sell, and in consideration thereof, the defendant agreed to buy and pay. In the second count, the plaintiff avers, that the defendant agreed to buy and the plaintiff to sell, and recites the *written* evidence of their agreement ; and the evidence on this point was submitted to the jury. But, says *Powell*, it is not necessary that in contracts or agreements, the consideration should be expressed, it being sufficient if it can be collected out of them from circumstances. *Pow.* on *Contr.* 368.

3. The suggestion of a variance between the declaration and proof, respecting the notes to be taken up by the defendant, is unfounded, as it no where appears that said notes were on interest.

4. The defendant's contract was broken, when he refused to accept the deed, take up and deliver to the plaintiff his notes to *Jonathan Cutler,* and give security to fulfil his contract.

5. This objection presents the principal question in this case. Is the debt demanded a penalty, or liquidated damages ? Where it is agreed, that if a party do or omit something, which may be injurious to another, a sum shall be paid, this sum may be considered liquidated damages, in all cases where the damages are uncertain and depend on the discretion of the jury. In such cases, the parties may stipulate for the consequences of the breach of contract. 1 *Sw. Dig.* 680. 1 *H.*

Windham,
July, 1828.

Tingley
v.
Cutler.

*Bla.* 232.    As where a man agreed with a woman not to marry any other, and if he did, to pay her £1000 ; this was holden to be liquidated damages.    *Lowe* v. *Peers*, 4 *Burr*. 2225.    So where two persons agreed to perform certain work in a limited time, or pay £10 a week, for such time as it should remain unfinished, *Buller*, J. said : " This is as strong a case of liquidated damages, as can possibly exist ;" and the court decided accordingly.    *Fletcher* v. *Dyche*, 2 *Term Rep.* 32.

The decision below was correct ; and I do not advise a new trial.

LANMAN and DAGGETT, Js. were of the same opinion.

HOSMER, Ch. J.    The plaintiff has brought an action upon an agreement made by the defendant, that he would purchase of him an estate in land ; in which he has averred title in himself, performance on his part, and non-performance by the defendant.

To sustain this suit, the plaintiff must prove title and a valid contract in writing ; the performance of conditions precedent : and the damages sustained.

My observations will be confined to the non-performance of precedent conditions on the plaintiff's part, and specifically, to the deficiency of his proof of title.

On this point, two enquiries are necessarily presented, *viz.* with what title ought the plaintiff to be invested ; and in what manner is he bound to prove it.

1. The plaintiff, in order to sustain his action for the non-acceptance of his deed, must have a clear undoubted title to the premises in fee simple.    *Sugden*, in his *Law of Vendors and Purchasers*, (*p.* 200.) remarks, that to enable equity to enforce a specific performance against the purchaser, the title to the estate ought, like *Cæsar's* wife, to be free even from suspicion ; for that it would be an extraordinary proceeding for a court of equity to compel a purchaser to take an estate, which it cannot warrant to him.    It hath, therefore, says this author, become a settled and invariable rule, that a purchaser shall not be compelled to take a doubtful title.    *Marlow* v. *Smith*, 2 *P. Wms.* 201.    *Shapland* v. *Smith*, 1 *Bro. C C.*75.    *Cooper* & al. v. *Denne*, 4 *Bro. C. C.* 80.    1 *Ves.* jun. 565.    *Crewe* v. *Dicken*, 4 *Ves.* jun. 97.    *Rose* v. *Calland*, 5 *Ves.* jun. 186.    *Roake* v. *Kidd*, 5 *Ves.* jun. 647.

It may be said, however, that this doctrine of chancery regards the specific execution of an agreement only, and therefore, that it is inapplicable.    To this I reply, no good reason can be assigned, why a court of law, in an action against a vendee for the non-performance of his agreement to purchase land, should not hold the vendor to make out a title equally unquestionable.    The principles of natural justice are not varied, by the forum to which application is made to sanction an agreement; and what is held unjust in equity, on this subject, cannot be just in a court of law.    The decisions of the law courts fully warrant this observation.    It is said by *Sugden*, that when an action is brought for non-performance of an agreement, a court of law will look as anxiously to see that the title is clear of doubt, as a court of equity would.  *Sug. Law Vend.* 211.    In *Hartley* v. *Peehall*, *Peake's Ca.* 131. it was remarked, by Lord *Kenyon*, that " Whenever a man buys any commodity, he expects to have a clear indisputable title, and not such a one as may be questionable at least in a court of law.    No man is obliged to buy a law-suit."    Of consequence, it is a necessary condition precedent to a suit for not performing an agreement to purchase land or real estate, and was so adjudged in *Martin* v. *Smith*, 6 *East* 555., that the plaintiff was seised in fee, and made or tendered a good and satisfactory title to the purchaser.

2. As the plaintiff must have a clear and undoubted title to the land which he contracts to sell, or the defendant is not obliged to go on with the purchase, the question arises, in what manner is he obliged to prove his title at the trial ?    The general answer is obvious.    The plaintiff must allege in his declaration, that he has title ; and of consequence, he who avers this fact affirmatively, must prove it.    1 *Phil. Ev.* 150.    If he omit this allegation, his declaration is defective ; and having made it, it must be sustained, by the same degree of evidence as his other averments.    If the title has been acquired, by an exclusive possession of fifteen years, this fact must be established ; if by descent, the requisite facts must appear, including proof of the ancestor's title ; and if the plaintiff claim by deed, the deed must be exhibited and proved, together with the title of the grantor.    If it be asked, why should he go beyond the production and proof of his own deed, the conclusive answer is, that the deed, without evidence of the grantor's title, proves nothing, in respect of title, but only a mere fact, that a deed

*Windham,*
July, 1828.

Tingley
*v.*
Cutler.

has been given.   Nor will evidence, that at the time the deed was executed, the grantor was in possession, and that the plaintiff had possessed a few months, add any thing towards the proof of title.   All this may be true, and yet both the grantor and grantee be trespassers.   There is no *prima facie* or presumptive evidence of title arising out of possession of land short of fifteen years exclusive occupancy.   Title to personal estate may be established *prima facie*, by actual possession of a vendee, because possession is the *indicium* of title to this species of property ; but of land the possession of a few months or years, is no *indicium* of title.   The title to land is proved by deeds, or other legal instruments, or by long and exclusive possession.   These principles have been every where established until now, when the exigencies of this case have raised the unexpected question.   The plaintiff must have title ; it is incumbent on him to prove it ; and the evidence of title must be complete, for this plain reason,—in order that the court may see, that no doubtful title is imposed on a purchaser. The citation from 1 *Swift's Dig*. 507. is entirely inapposite to the question under discussion.   The author justly observes, that a valid deed accompanied by possession, is proof sufficient at the outset, in the action of *disseisin*.   Undoubtedly it is ; and it is equally true, that in the action just named the plaintiff's possession alone, and without deed, is evidence enough, unless more is made requisite, by proof on the defendant's part.   The reason is, that in the action of disseisin, strict legal title is not necessarily in question.   Although the plaintiff aver a title in fee simple, it is a decided point, that proof of lawful possession in fact, or of any less estate than the one averred, is *prima facie* sufficient, in this sweeping action of ours ; an action which includes and supplies the place of every form of suit for the recovery of land, real, possessory or mixed.   1 *Conn. Rep*. 79. 470.   6 *Conn. Rep*. 142

That the plaintiff's title, in an action like the one before us, must be strictly proved, is a decided principle.   And the only deviation from it (if such it may be called) is the decision of Lord *Kenyon*, in *Thompson* v. *Miles*, 1 *Esp. Rep*. 184. who held, that the title deeds must be exhibited, but that the proof of their execution, except of the one under which the plaintiff immediately claimed, was unnecessary.   This bears a near resemblance to our practice in permitting the chain of antecedent conveyances to be supplied from the records of deeds by

a town-clerk. *Talcott* v. *Goodwin*, 3 *Day* 264. 267. *Cunningham* v. *Tracy*, 1 *Conn. Rep.* 252. We proceed on the necessity of the case, the title deeds remaining in the possession of the grantees. Lord *Kenyon*, however, went upon the principle, that the proof of the title deeds, although in the hands of the plaintiff, was not expected by the parties. But in a later case, this opinion was overruled, by *Mansfield*, Ch. J., who decided, that the vendor of the residue of a term, being the third or fourth assignee, was bound to prove all the mesne assignments. *Crosby* v. *Percy*, 1 *Campb.* 303. After all, the determination of Lord *Kenyon* does not dispense with strict proof of title, but it admits the deeds exhibited to be evidence, without the proof of their execution.

3. The plaintiff being obliged to aver his title, and to prove it in the same manner as any other fact must be proved, by the person asserting it ; it remains to consider the proof of his title in this case.

The land in question is claimed to have been owned by *George B. Hutchins.* On the 29th of *October*, 1825, *Hutchins* gave to the plaintiff a deed of the premises, and on the 13th of *December*, in the same year, the agreement of the parties now in suit was made. Forty-four days only elapsed from the delivery of the above-mentioned deed to the plaintiff, to the date of the contract in question, during which period the plaintiff was in possession of the land said to be conveyed to him by *Hutchins.* This deed is unrecorded, and the exhibition of it at the trial was the only evidence in relation to the plaintiff's title. No offer was made to show, that *Hutchins* had acquired title by inheritance, deed, possession or in any other manner. The court charged the jury, that such deed alone, accompanied by the aforesaid possession, was *prima facie* evidence of title, especially as no objection had been made, on this ground, to the fulfilment of the contract.

In the first place, I object to the opinion of the court, in charging the jury, that the deed and the short possession of a few days, were *prima facie* evidence of title. So far from this, they were only a small link in the chain of evidence.

The point to be proved was *title*, absolute and clear of all reasonable doubt. That there was a remote presumption in favour of the plaintiff's title, was not the question on trial. The plaintiff had averred in his declaration, that he had title to the land in question ; and this allegation, in its length

*Windham,*
July, 1828.

Tingley
*v.*
Cutler.

and breadth, he was bound to sustain, by adequate proof. If there were a reasonable doubt whether the averment was established by the evidence, the principles of law required, that the defendant should have had a verdict in his favour. He was, by his contract, under no obligation to buy a doubtful title; or one inferred from remote evidence; but of title he had right to demand clear and convincing proof.

It is perfectly compatible with the plaintiff's testimony, that *Hutchins* was a disseisor a few days before he made his deed to the plaintiff; that the plaintiff became a trespasser, by his entry on the land; and that his deed to the defendant could be of no possible effect. The law does not imply, that the plaintiff had title, because a deed was given him, perhaps, by a person who had no pretence of right; nor is a title proved, by evidence, that evinces only a small part of a title. Nor do I understand what is intended by *prima facie* evidence, in this case; unless the judge meant to declare, that the title was inferable from two facts, *viz.* the deed and forty-four days possession; or that the law gives a technical efficacy to the proof adduced, beyond its natural import; for either of which assertions there is no ground. On the contrary, I am clear, if any allegation ever required plenary evidence, it is eminently true of the averment of title made by the plaintiff. On him is the *onus* of proof; his title is peculiarly within his own knowledge; he has affirmed it as the necessary basis of his action; and hence there is a concurrence of every consideration to impose on him the necessity of full proof.

I likewise object to the qualification of the charge, that the deed of *Hutchins*, accompanied with the possession a few days, was sufficient *prima facie*, especially, when no objection was made to the fulfilment of the contract on that account. This silence is no dispensation of the proof requisite to sustain the plaintiff's allegation of title. The title is the main pillar of the plaintiff's action: he must have it; he must aver it; and he must prove it; and neither the silence of the defendant, nor even any parol declarations of his, can take away or impair the obligation resting on the plaintiff to substantiate this indispensable fact.

I have no doubt that the charge of the judge was incorrect; and that for aught this court can discern, the defendant has a verdict against him, for not accepting a deed of land, from a

person, who had no interest in it. I would, therefore, grant a new trial.

BRAINARD, J. was absent.

New trial not to be granted.