ZEPHANIAH GOWARD & another *vs.* SAMUEL A. WATERS.

The bargaining by the owner of a lot of land to sell it for a certain number of dollars, and take payment, part in money, and the rest in other land at a valuation, and his conveyance of the premises accordingly, is a sale, within the meaning of a contract in which he agreed to forfeit a certain sum if he should "sell" the land.

If a man and his wife sell and convey a lot of land which they own jointly, he becomes liable thereby to pay a sum which for a sufficient consideration he has promised to pay "in case I shall myself sell said premises."

The subsequent performance of services and expenditure of money by A. to procure a purchaser for a lot of land is a sufficient consideration for B.'s promise to make A. a certain compensation if A. should procure such a purchaser, and a certain other compensation if B. should sell the land himself.

W. signed the following written agreement: "In consideration that G. shall procure a purchaser for a certain piece of land" at a certain price, "I agree that I will pay to G. all such money exceeding the said price as such purchaser shall pay me for said premises. And, in case I shall myself sell said premises, then I further agree to pay G. three per cent. of the price paid to me" therefor. G. did services and spent money to procure a purchaser, but, before he succeeded in procuring one, W. sold the land himself. *Held,* that proof of these services and expenditures was admissible to sustain an action by G. against W., on the agreement, for three per cent. of the price paid to W. for the land.

CONTRACT for one hundred and thirty-five dollars, alleged to be due on a written promise of the defendant concerning the sale of real estate in North Chelmsford; with a count in *quantum meruit.*

In the superior court these facts were agreed: On October 6 1866, the defendant signed the following writing: " I, Samue A. Waters, of Chelmsford, in consideration that Zephaniah and

Francis Goward, [the plaintiffs,] both of Lowell, shall purchase or shall procure a purchaser for a certain piece of land with the buildings thereon, situated in North Chelmsford, at the price of $4500, at which sum I value said premises, hereby agree that I will give to said Zephaniah and Francis Goward, or to such purchaser as they shall procure for said premises at said price, a good and sufficient deed of said premises, and I further agree that I will pay to said Zephaniah and Francis Goward all such money exceeding the said stipulated price of said premises as such purchaser procured by them shall pay me for said premises. And, in case I shall myself sell said premises at said price of $4500, or at a greater or less price, then I further agree to pay said Zephaniah and Francis Goward three per cent. of such price paid to me for said premises."

The real estate referred to was a farm, of which, at that time, the fee was in the defendant and his wife; but the condition of the title was not made known to the plaintiffs, who believed that it was in the defendant alone.

The plaintiffs, by advertising and other means customary in the business of land brokers, tried to procure a purchaser, but had not succeeded, nor had offered to buy it themselves, nor had the defendant given them any deed of it, when, on December 7, the defendant and his wife, without the plaintiffs' knowledge, and without knowledge by the purchaser of any agreement between the plaintiffs and the defendant, "made a bargain with Samuel T. Wright to sell to him said piece of land at a sum called $4500, and take their pay, in cash, $3300, and another parcel of land, called $1200; and said Waters and his wife accordingly conveyed said piece of land to said Wright in fee."

On these facts *Brigham,* J., ruled that the plaintiffs could recover on the count in *quantum meruit,* but not on the count upon the agreement; and both parties appealed.

*T. Wentworth & G. Stevens,* for the plaintiffs.

*D. S. Richardson,* for the defendant.

WELLS, J. The bargain and conveyance of the farm by the defendant and his wife was a sale, within the meaning of the contract in suit. The condition of the title cannot affect the

right of the plaintiffs nor the liability of the defendant. His contract is merely personal, and is absolute in its terms. By the terms of the last clause of the agreement, Waters was bound to pay the plaintiffs three per cent. upon the price for which the farm was sold, which would amount to a hundred and thirty-five dollars. The only defence to a recovery of that sum is, that there appears to be no consideration for the promise.

The position of the defendant's counsel is undoubtedly true, that at the time the contract was signed it was a mere *nudum pactum.* The plaintiffs paid nothing, incurred no expense or loss, and entered into no obligation on their part. They were at liberty to act or not, as they pleased ; and would incur no liability by failing to do anything. But it is also apparent that the writing contemplated services to be rendered and expenses to be incurred by the plaintiffs for the defendant; and that the promises were made in view of such future services and expenses. The writing is merely a stipulation, by the defendant, of the terms upon which compensation shall be made by him. Subsequent performance of services and expenditure of money, in prosecution of the employment thus authorized, furnish a sufficient consideration for the promises of the defendant. *Train* v. *Gold,* 5 Pick. 380. *Gardner* v. *Webber,* 17 Pick. 407. The case finds such a consideration in fact.

After the plaintiffs had entered upon this employment the defendant could not sell without making the stipulated compensation. If they failed to purchase or find a purchaser within a reasonable time after being called upon to fulfil, he might terminate the agreement. But this had not been done. The plaintiffs are therefore entitled to the price agreed for upon the event of a sale by the defendant himself.

The principal difficulty in the case arises from the mention of a consideration in the writing itself. Can a different consideration be shown to support the contract, without violating the rules of evidence relating to contracts in writing? It might, indeed, be questioned whether the term " in consideration " was not used to define the conditions upon which the first branch of the agreement should take effect, rather than to set forth its con

sideration in a legal sense. But whether it be the one or the other, the term has no application to the last branch of the agreement. It is obvious that this last clause could never be supported by it as a consideration. The very contingency upon which this clause was to become operative involves a defeat of that which is denominated the consideration in the first clause. Under the recital of the agreement, no legal consideration could be furnished, in accordance with its express terms, except by procuring a purchaser for the property. But there is a clear implication of another consideration; to wit, the services in that behalf to be rendered by the plaintiffs. The last clause is intended solely to fix the compensation for such services, in case a sale by the defendant should deprive them of the opportunity to secure compensation under the provisions of the first clause. Considerations are often found by implication merely. *Tingley* v. *Cutler*, 7 Conn. 291. *Cummings* v. *Dennett*, 26 Maine, 397.

Proof of the facts which make out such a consideration does not contradict, add to, nor vary the written contract; but tends to support it according to its legitimate and proper interpretation. The allowance of such proof seems to accord with the decisions in *Wallis* v. *Wallis*, 4 Mass. 135; *Gale* v. *Coburn*, 18 Pick. 397; *Brewer* v. *Hardy*, 22 Pick. 376; *Bullard* v. *Briggs*, 7 Pick. 533; *Hinde's Lessee* v. *Longworth*, 11 Wheat. 199; *Powell* v. *Monson & Brimfield Manufacturing Co.* 3 Mason, 347, 359; *Mc Crea* v. *Purmort*, 16 Wend. 471; *Belden* v. *Seymour*, 8 Conn. 304; *Morse* v. *Shattuck*, 4 N. H. 229; 2 Phil. Ev. (4th Am. ed.) 655.

The parties having expressly stipulated for the payment of three per cent. as the compensation, in the event which has occurred, there can be no recovery upon the *quantum meruit.* But, the court being satisfied that a consideration is shown for the express stipulation, consistently with the terms of the written instrument, the plaintiffs are entitled to judgment for one hun‑ dred and thirty-five dollars and interest