Carroll *v.* Sullivan.

WILLIAM CARROLL & another *vs.* DENNIS SULLIVAN & trustees.

The agreement of a member of a firm with his partner, to be responsible for the price of
goods furnished by the firm to A., is a sufficient consideration for an assignment to him
by A. of a debt due to A. less in amount than the price of the goods so furnished, as
against one who afterwards attaches such debt on trustee process in a suit against A.

CONTRACT. Writ dated January 30, 1868. The defendant
was defaulted. The Union Mill Company, who were summoned
as trustees, answered that at the time of the service of the writ
upon them they had in their hands the sum of $75.65 due to
him, unless the same had been assigned to Jeremiah Kelley,
of which assignment they had notice.

Kelley appeared as a claimant of the sum, and, at a hearing
in the superior court before *Reed*, J., proved a written assign-
ment under seal, dated August 19, 1867, to himself by the de-
fendant of all claims for wages which the defendant had or

might have, against the trustees, up to August 19, 1868 ; and that this assignment was duly recorded on the day of its date.

It further appeared, from the evidence of the claimant, that, before the assignment, he agreed in good faith with John O'Neil, who was his partner, that he would be responsible to him for the price of such goods of the firm as had been and should be furnished to the defendant; that the assignment was made for the purpose of securing the claimant from loss by reason of this agreement, and in consideration thereof; that, in consequence of the agreement, goods of the firm were furnished to the defendant to the amount of $88.66 before the service of the writ on the trustees ; and that the claimant had no other claim against the defendant.

Upon this evidence, the plaintiffs asked the judge to rule that the assignment was invalid, because the consideration, as proved, was not sufficient to support it; but the judge refused so to rule, allowed the claim, and discharged the trustees.   The plaintiffs alleged exceptions.

*J. M. Morton, Jr.*, for the plaintiffs.

*J. C. Blaisdell*, for the claimant.

MORTON, J.   The only question raised in this case is as to the sufficiency of the consideration of the assignment from the defendant to the claimant Kelley.   It appears from the bill of exceptions, that Kelley, before the assignment was executed agreed in good faith that he would be responsible for all goods which had been or should be furnished to the defendant by the firm of which he was a member ; and that under this agreement goods were furnished to the defendant to an amount greater than the sum in the hands of the trustees at the time of the service of the writ upon him.   This was a sufficient consideration to support the assignment.   *Goward* v. *Waters*, 98 Mass. 596.

If, as the plaintiffs claim, the effect of Kelley's agreement was merely to make him a guarantor of the debt of the defendant to the firm, yet his agreement to guarantee and his actually becoming guarantor before the service of the plaintiffs' writ, for an amount larger than the sum in the hands of the trustees, would be a sufficient consideration for the assignment.   *Gardner* v. *Webber*, 17 Pick. 407.                    *Exceptions overruled.*