## LOUIS BUNDY v. J. M. VOELKER AND ANOTHER. NIC MEYER, APPELLANT.[1]

### January 23, 1920.

### No. 21,575.

**Statute of frauds — oral contract to buy vegetables — question for jury.**
The contract in controversy was within the statute of frauds and unenforceable unless part of a prior transaction, and whether it was an independent contract or part of the prior transaction was a question which should have been submitted to the jury.

Action in the district court for Winona county to recover $542.53. The facts are stated in the opinion. The case was tried before Callaghan, J., and a jury which returned a verdict for $256.70. From an order denying his motion for a new trial, Nic Meyer appealed. Reversed.

[1]Reported in 175 N. W. 1000.

*Brown, Abbott & Somsen,* for appellant.
*Webber, George & Owen,* for respondent.

TAYLOR, C.

The complaint alleges that defendants employed plaintiff to buy cabbage for them and agreed to pay him $1.05 per hundred pounds for all that he should purchase and deliver in cars on track at Winona, that he purchased and delivered on track a carload which defendants refused to receive or pay for, and demands judgment for the agreed price. The separate answer of defendant Meyer denies employing plaintiff and alleges that on September 25, 1918, defendant contracted to buy from plaintiff two carloads of good marketable Holland cabbage; that plaintiff delivered two carloads of cabbage on track and defendant paid him in full therefor; that on October 15, 1918, defendant informed plaintiff that he would take more cabbage on the same terms and conditions as before; that immediately thereafter he learned that unmarketable cabbage had been placed in the two carloads previously delivered, and at once notified plaintiff that he would receive no more cabbage from him; that disregarding this notice plaintiff loaded another car with inferior cabbage; that defendant refused to accept it, and that this is the carload for which plaintiff seeks to recover. The answer further alleged that the contract for this carload was unenforceable under the statute of frauds. The trial resulted in a verdict in favor of defendant Voelker and against defendant Meyer who will be designated as defendant hereafter. Defendant made a motion for a new trial and appealed from an order denying his motion.

Notwithstanding the form of the complaint the action was tried and submitted to the jury, on the theory that plaintiff was the seller of the cabbage in controversy. Plaintiff asserted that he had procured a car and loaded the cabbage into it before he received notice that defendant would not accept the cabbage, and the court instructed the jury that the statute of frauds, "would not enter into this case if you find the third car was loaded before the defendant was notified that they would not accept the cabbage." Defendant assigns this instruction as error.

That defendant bought two carloads of cabbage from plaintiff and accepted and paid for them is undisputed, and plaintiff contends that the

sale of those two carloads and of the carload in controversy were parts of the same transaction, and that the acceptance of the first two carloads satisfied the requirements of the statute of frauds. Defendant testified that the original contract was for two carloads and no more, and that the arrangement under which the third car was loaded was made two or three weeks later and was a separate and independent transaction. The instruction given by the court in effect withdrew from the jury the question as to whether the contract for the third carload was a separate and independent transaction. If it was a separate and independent transaction, it was within the statute of frauds and unenforceable, for it was an oral contract to buy property of the value of more than $50, no part of which was ever received or accepted and for which none of the purchase money had been paid. Section 4, c. 465, Laws 1917; Russell v. Wisconsin, M. & P. Ry. Co. 39 Minn. 145, 39 N. W. 302; Fontaine v. Bush, 40 Minn. 141, 41 N. W. 465, 12 Am. St. 722; Waite v. McKelvy, 71 Minn. 167, 72 N. W. 727.

The evidence made a question for the jury on this issue and it should have been submitted to them. As this conclusion leads to a reversal it is not necessary to consider the other questions.

Order reversed.