# LOUIS BUNDY v. NIC. MEYER.

February.11, 1921.

No. 22,129.

**Contract by authorized agent.**

1. There is evidence in this case that an authorized agent of defendant agreed with plaintiff to purchase, at a price fixed, all the cabbage he could get and load.

**Offer and acceptance.**

2. Such a contract constitutes at least an offer to purchase, and, to the extent that the other pary has, before revocation, acted on it by supplying cabbage according to its terms, it becomes a completed and binding contract.

**Sale by description — passing of title upon appropriation of goods.**

3. In a sale of future goods by description, the title passes when goods of that description, in a deliverable state, are unconditionally appropriated to the contract by both parties or by either with the assent of the other. The agreement in this case was to get and load cabbage into stock cars on tracks. Plaintiff bought cabbage, loaded it into a car on the track, had it weighed and turned over the weight tickets to defendant's agent. *Held*, there was an appropriation.

**Charge to jury correct.**

4. There was no error in the charge of the court or in the court's refusal of defendant's requests to charge.

After the former appeal reported in 145 Minn. 19, 175 N. W. 1000, the case was tried before Callaghan, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $269.53. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Webber, George & Owen,* for respondent.

¹Reported in 181 N. W. 345.

HALLAM, J.

1. Plaintiff and defendant fell out over a transaction involving the purchase of a carload of cabbage. Plaintiff testified that in September, 1918, defendant's agent, Voelker, came to him, and, after some negotiation, said: "I got a telephone from Meyer this morning and he wants cabbages * * * I will tell you what I will do. I will give you twenty-one dollars a ton for all that you can get and load * * * and I says: 'All right.'" Plaintiff bought up three carloads of cabbage. Two cars were loaded and delivered and paid for by defendant. A third car, containing 25,670 pounds, was loaded but was refused. Plaintiff brought suit, alleging that defendant "refused to receive the same or pay plaintiff therefor," and asked judgment for an amount equal to the whole purchase price. The trial court submitted the case to the jury as an action to recover the purchase price of goods sold. The jury found for plaintiff. Defendant appealed. This court held that, in view of certain evidence that the third car was a separate transaction, the court should have submitted that question to the jury, since, if the third car was an independent transaction, its sale was within the statute of frauds and the statute was not complied with. A new trial was accordingly granted. Bundy v. Voelker, 145 Minn. 19, 175 N. W. 1000. On the second trial the court submitted the case in accordance with the decision of this court and the jury again returned a verdict for plaintiff. Defendant again appealed.

Defendant contends that there is no evidence that Voelker entered into the contract testified to by Bundy or that he was authorized to make any such contract. There is evidence on both propositions. Plaintiff testified that the contract was made. It is fairly inferable from the testimony of Voelker that he had authority to make it.

2. Defendant contends the agreement was void on account of uncertainty and lack of mutuality. If this contract were wholly executory, there might be force to defendant's contention. Crane v. C. Crane & Co. 105 Fed. 869, 45 C. C. A. 96. However, the transaction was at least an offer to purchase, and, even if revocable, still, to the extent that plaintiff, before revocation, acted on it by supplying cabbage according to its terms, it became a completed and binding contract. Stensgaard v. Smith, 43 Minn. 11, 44 N. W. 669, 19 Am. St. 205; Cold Blast Transp.

Co. v. Kansas City Bolt & Nut Co. 114 Fed. 81, 52 C. C. A. 25, 57 L.R.A. 696; Rehm-Zeiher Co. v. F. G. Walker Co. 156 Ky. 6, 160 S. W. 777, 49 L.R.A. (N.S.) 694.

3. Defendant contends that the title to the third car of cabbage never passed to defendant and that therefore plaintiff cannot sue for the price. The contract was for the sale of goods to be acquired by the seller, or, to use the words of the Uniform Sales Act, it was a sale of "future goods by description." Chapter 465, pp. 768, 772, Laws 1917, §§ 5, 19. In such a case the title passes when goods of that description and in a deliverable state are unconditionally appropriated to the contract, by both parties, or by either with the assent, express or implied, of the other. Section 19, supra; Lieb Packing Co. v. Trocke, 136 Minn. 345, 162 N. W. 449. There may be appropriation without either delivery or payment. The essential thing is that the goods must be ascertained and applied irrevocably to the contract. E. L. Welch Co. v. Lahart Ele. Co. 122 Minn. 432, 142 N. W. 828. The fact that the buyer refuses to accept the goods does not negative an appropriation if the goods in fact meet the requirements of the contract. Wood v. Michaud, 63 Minn. 478, 65 N. W. 963.

Bearing these principles in mind, we think it clear that the third car of cabbage was appropriated to the contract. The agreement was to "get and load" cabbage into stock cars on track. The third car was loaded, weighed and the weight tickets delivered to defendant's agent. This fulfilled plaintiff's contract. He had handled the other cars in this manner and defendant had in each case taken charge of them when loaded and weighed. There was an appropriation by plaintiff with the assent of defendant.

4. Defendant makes 12 assignments of error in refusal of the court to give requested instructions, and three assignments of error in the charge as given. It is not necessary to discuss these assignments in detail. Some relate to matters hereinbefore considered. The charge as a whole fairly submitted to the jury the question whether the contract was made as claimed between plaintiff and an authorized agent of defendant, and whether plaintiff loaded the third car before notice of cancelation of the contract, and the jury was instructed that, if these con-

ditions existed, plaintiff might recover the price of this car of cabbage. We find nothing here of which defendant can justly complain.

Order affirmed.