FLOODWOOD MERCANTILE COMPANY v. FRANK L. MAGIE, SHERIFF.[1]

June 16, 1922.

No. 22,777.

**Sale of pulpwood—appropriation—passing of title.**

M. contracted to cut from his land, sell and deliver pulpwood to plaintiff on cars. Wood was cut, hauled and piled on railroad right of way ready for inspection and sorting and then for loading on cars by seller. Plaintiff advanced provisions to M. and paid for the labor of cutting the wood. Defendant sheriff levied on and sold the wood as property of M.— Action for conversion—Finding that the wood was appropriated to the contract when it was piled at the railroad, that title passed when the property was definitely ascertained (Laws 1917, c. 465), and plaintiff was entitled to judgment, affirmed on appeal. [Reporter.]

Action in the district court for St. Louis county to recover $500 the value of 22 double cords of pulpwood. The case was tried before Cant, J., who when plaintiff rested denied defendant's motion to dismiss the action upon the ground that plaintiff had failed to establish any title or ownership of the property which was the basis of the suit, made findings and as conclusions of law found that the seizure of the pulpwood constituted conversion and was unlawful and that plaintiff recover $354.12. From an order denying his motion for amended findings and conclusions or for a new trial, defendant appealed. Affirmed.

*McCoy & Hansen*, for appellant.

*Gearhart & d'Autremont*, for respondent.

PER CURIAM.

Action to recover the value of 22 double cords of pulpwood, alleged to have been unlawfully levied upon and sold by the defendant, as sheriff of

[1]Reported in 188 N. W. 734.

St. Louis county. The cause was tried to the court, findings of fact were made, and an order filed for judgment in favor of plaintiff. From an order denying his motion for amended findings and in case that be denied then for a new trial, defendant appeals.

The court found as facts that on February 18, 1920, the defendant as sheriff levied upon and took the wood under a process directed against the property of one Isaac Mettala, and sold the same under execution; that at that time plaintiff was the owner and entitled to the possession thereof, and Mettala had no right, title or interest therein; that prior to the commencement of this action plaintiff served upon defendant an affidavit of ownership and demanded possession of the property in due form; and that as a matter of law the levy and seizure was unlawful and constituted a conversion of the wood taken, to the plaintiff's damage in the sum of $354.12, and ordered judgment accordingly.

It appears from the record that in November, 1919, Mettala entered into a contract with the plaintiff, wherein he agreed to sell and deliver to plaintiff 50 cords of spruce pulpwood on cars at Meadowlands on or before April 1, 1920, the same to be cut from live, sound timber on his lands. Later the place of delivery was changed by agreement to Salo's landing. The wood was cut, hauled and piled on the railroad right of way at Salo's landing, where it was to be inspected and sorted by plaintiff, then loaded on cars by the seller. It was a sale of personal property which was unascertainable at the time of the making of the contract. The plaintiff advanced provisions to Mettala and had paid for the labor of cutting the wood. The court found that the wood was appropriated to the contract when it was piled at the landing; that such was the intent of the parties to the contract; that the purchaser had the right, under the circumstances, to then inspect and sort the wood and to require the seller to load it on cars, and that, under the provisions of chapter 465, p. 767, Laws of 1917, the title passed when the property was definitely ascertained. Lieb Packing Co. v. Trooke, 136 Minn. 345, 162 N. W. 499; Bundy v. Meyer, 148 Minn. 252, 181 N. W. 345.

From a careful consideration of the entire record we think the trial court was justified in its findings of fact and correct as to its conclusions of law, and that the order appealed from should be affirmed.

It is so ordered.