## WESTERN HAT & MANUFACTURING COMPANY v. BERKNER BROS. INC.[1]

June 17, 1927.

No. 26,066.

**Countermanding order for goods after its acceptance but before delivery of goods to carrier relieved buyer of any liability.**

1. An accepted order for goods required the seller to ship them to the buyer. There was nothing to show an intention that the property in the goods should pass prior to delivery to a carrier for shipment. In these circumstances, setting the goods aside in the seller's warehouse in packages addressed to the buyer and ready for shipment was not such an irrevocable appropriation of the goods to the fulfilment of the contract as would give the seller the right to sue for the purchase price before delivery to a carrier. By countermanding the order after the goods were packed but before they were delivered to a carrier, the buyer relieved itself from liability for the payment of the purchase price.

**Why seller could not maintain action for purchase price.**

2. The evidence failed to show with any degree of certainty that the goods could not be sold readily after the order was countermanded; neither did it show that the buyer was notified that the seller would hold the goods as its bailee; hence the seller could not maintain an action for the purchase price on the ground that the goods were not readily salable after the order was countermanded.

Sales, 35 Cyc. p. 164 n. 74; p. 315 n. 26; p. 532 n. 91; p. 533 n. 94; p. 572 n. 70.

Plaintiff appealed from an order of the district court for Brown county, Olsen, J., denying its motion for a new trial. Affirmed.

*T. O. Streissguth,* for appellant.

*Albert Hauser,* for respondent.

[1]Reported in 214 N. W. 475.

Lees, C.

This action was brought to recover the purchase price of gloves ordered by respondent, a retailer at Sleepy Eye, from appellant, a wholesaler at Milwaukee. A recovery was denied, as was a motion for a new trial, and this appeal followed.

The court found that on April 14, 1925, respondent gave one of appellant's traveling salesmen a written order for a quantity of gloves, describing them by number, size, and name. The salesman made a memorandum, stating that the gloves were to be shipped over the Chicago & North Western railway in August and were to be paid for in November. The order was accepted and respondent notified thereof. Appellant had the gloves in stock, selected those ordered, packed them ready for shipment, set them aside in its warehouse, and attached shipping tags bearing respondent's name and address. Thereafter and on June 30, respondent countermanded the order and requested appellant to cancel it, but appellant refused. On August 12 the gloves were shipped to respondent and an invoice mailed. On receipt of the invoice respondent notified appellant that it would refuse to receive the gloves. They were tendered to respondent by the railroad company, were refused, and have remained in the hands of the railroad company ever since. Appellant's salesmen did not carry or attempt to sell gloves after June 30. They are goods usually sold by wholesalers for the fall trade and are not readily salable after June.

The court held that these facts fell short of showing that the property in the gloves had passed to the respondent before the order was countermanded, and that appellant could not recover the purchase price.

Appellant cites §§ 19 and 63 of the uniform sales act (G. S. 1923, §§ 8394, 8437) in support of its contention that the court should have allowed a recovery of the purchase price. Section 19, rule 4, reads:

"(1) Where there is a contract to sell unascertained or future goods by description, and goods of that description and in a deliverable state are unconditionally appropriated to the contract,

either by the seller with the assent of the buyer, or by the buyer with the assent of the seller, the property in the goods thereupon passes to the buyer. Such assent may be expressed or implied, and may be given either before or after the appropriation is made."

Section 63 reads:

"(1) Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods. · ·

"(2) Where, under a contract to sell or a sale, the price is payable on a day certain, irrespective of delivery or of transfer of title, and the buyer wrongfully neglects or refuses to pay such price, the seller may maintain an action for the price, although the property in the goods has not passed, and the goods have not been appropriated to the contract.  *  *  *

"(3) Although the property in the goods has not passed, if they cannot readily be resold for a reasonable price,  *  *  *  the seller may offer to deliver the goods to the buyer, and, if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer. Thereafter the seller may treat the goods as the buyer's and may maintain an action for the price."

Before the uniform sales act was adopted it was held that when one orders goods to be sent to him he makes the vendor his agent for the purpose of selecting and appropriating the specific articles to be sent to the vendee. This court has also held that, if the mode of exercising the agency is specified in the order, the vendor must observe the directions of the vendee and, if he fails to do so, his selection and appropriation of the goods is not such an appropriation as to pass title to the vendee. Jones v. Schneider, 22 Minn. 279; Hoover v. Maher, 51 Minn. 269, 53 N. W. 646; Ohio Confection Co. v. Eimon Merc. Co. 154 Minn. 420, 191 N. W. 910, 31 A. L. R. 952.

In Lieb Packing Co. v. Trocke, 136 Minn. 345, 162 N. W. 449, it was held that under an executory contract for the sale of goods to be thereafter ascertained the title passes when goods conforming to the contract are appropriated thereto; that appropriation is the act of both parties, but one, by agreement, express or implied, may authorize the other to act for him in making the appropriation; and that, if the parties reside at different places and shipment of the goods is contemplated, delivery takes place when the goods are selected and received by a carrier for transportation to the buyer.

In E. L. Welch Co. v. Lahart Elev. Co. 122 Minn. 432, 142 N. W. 828, it was said that, in the case of the sale of goods not specified when the contract was made, the title passes when the goods are appropriated to the contract; that, to constitute an appropriation, the goods must not only be identified, but must be applied irrevocably to the contract; and that no particular words or acts are required, but the intention of the parties governs.

In Bundy v. Meyer, 148 Minn. 252, 181 N. W. 345, it was said that there may be an appropriation of the goods within the meaning of § 19 of the sales act without either delivery or payment, the essential thing being that the goods are ascertained and applied irrevocably to the contract.

In State v. Brown, 151 Minn. 340, 186 N. W. 946, it was said that appropriation is presumably complete when the seller delivers the goods to a carrier consigned to the buyer. See also Floodwood Merc. Co. v. Magie, 152 Minn. 554, 188 N. W. 734.

Section 19 of the act begins with the words:

"Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer."

Then follows rule 4, quoted above. It thus appears that the intention of the parties controls if it is apparent, and only when it is not may resort be had to the rules. When, as here, the contract requires the seller to ship the goods to the buyer, we think it should be held, if there is nothing to show a different intention,

that the parties did not intend that the property in the goods should pass prior to a delivery to a carrier for shipment. In such a case, setting the goods apart in the seller's warehouse is not an irrevocable appropriation of them to the fulfilment of the contract and will not give the seller the right to sue for the purchase price.

Appellant calls attention to the fact that gloves cannot be sold readily except at certain seasons, those ordered for fall delivery being most readily salable during the spring. It is therefore urged that, even though the property in the goods did not pass before the order was countermanded, the appellant has a right of action for the purchase price by virtue of par. (3) of § 63 of the sales act (G. S. 1923, § 8347). The evidence fails to show with any degree of certainty that the gloves could not be sold readily after June 30, and it was not proved that respondent was notified that the gloves would be held by appellant thereafter as its bailee.

We need not consider or discuss the question as to the seller's remedy in case of a breach of an executory contract of sale although it is referred to at some length in the briefs.

Whatever remedy appellant may have must be sought in another action.

Order affirmed.