## LOUIS F. DOW COMPANY v. HERMAN BITTNER AND OTHERS.[1]

October 7, 1932.

No. 29,060.

*Julian E. Morten,* for appellants.
*A. R. English* and *Clarence J. Donnelly,* for respondent.

STONE, J.

Action for the purchase price of merchandise, resulting in a decision, a jury having been waived, for plaintiff. Defendants appeal from the judgment.

Defendants were copartners who, January 16, 1930, contracted with plaintiff for the purchase of 400 calendars, upon which, according to the contract, certain indicated advertising of defendants and their business was to be printed. After that printing was done, but before delivery of the calendars "f. o. b. cars, St. Paul," as the contract required, defendants attempted to repudiate. Their one de-

[1] Reported in 244 N. W. 556.

fense now is that while they might be liable for damages for breach of contract they are not so for the contract price, their assertion being that when repudiated the contract was wholly executory, that the goods had not been appropriated to the contract, and so title had not passed.

■ Defendants' law is good (Sherman Nursery Co. v. Aughenbaugh, 93 Minn. 201, 100 N. W. 1101) but their view of the facts all wrong. The contract had been performed, executed to a substantial extent by plaintiff when defendants attempted to repudiate. The calendars had been printed, manufactured specially for defendants. By plaintiff's performance of the contract, they had been rendered unsuitable for the general trade and had been set aside for shipment to defendants pursuant to the contract. Clearly, therefore, the goods had been appropriated to the contract, title had passed, and plaintiff had so far performed that defendants are liable for the purchase price. Rail v. Little Falls Lbr. Co. 47 Minn. 422, 50 N. W. 471.

There are many cases (for example, Presley Fruit Co. v. St. L. I. M. & S. Ry. Co. 130 Minn. 121, 124, 153 N. W. 115) where goods have been sold for delivery f. o. b. cars at the shipping point; and it has been held that until such delivery the property did not pass. But that conclusion is not tenable where the process of special manufacture for the buyer has gone as far as irretrievably to allocate the goods to him under the contract. Delivery is not the essential thing, but only one, and quite a usual, way of effecting it. What is essential to the passing of title is an unconditional appropriation of the goods to the contract by one party with the assent of the other. 1 U. L. A. (Sales) 161. "There may be appropriation without either delivery or payment." Bundy v. Meyer, 148 Minn. 252, 254, 181 N. W. 345, 346. Here, for example, the calendars were printed or embossed with defendants' name and their special advertising matter. That, and their setting aside for shipment to defendants, certainly made irrevocable their appropriation to the contract (5 Dunnell, Minn. Dig. [2 ed.] § 8514), passed title to defendants, and made them liable for the purchase price.

■ The property passes when the parties intend that it shall pass. G. S. 1923 (2 Mason, 1927) § 8394 (uniform sales act, § 19), enunciates certain rules for determining the intention of the parties, "unless a different intention appears." Here the parties could not have intended otherwise than that the property should pass not later than the moment when the calendars had put upon them the name and advertising matter of defendants, for thereafter they would be of no further use to plaintiff or anybody other than defendants.

Possibly it should be added by way of explanation that defendants attempted to cancel because of the sale of their business. Plaintiff offered to add to the printing matter on the calendars the name of the purchaser, that he was successor to defendants, and to do the work at cost. That certainly was fair enough, but defendants declined the offer.

Judgment affirmed.