Morton, J.
This is an action of contract to recover a brokerage commission. The answer was a general denial.
The plaintiff introduced in evidence a writing signed by both parties, wherein certain property of the defendant was listed with the plaintiff for sale at a price of $4,000, and by its terms the defendant agreed to pay the plaintiff a commission of 10% of the selling price and “in case the sale is made by the owner direct or through other parties than the Columbia Real Estate Co. Inc., the owner shall pay a commission of 5% to the Columbia Real Estate Co. Inc. out of the first money received. ’ ’ The owner further agreed to cooperate with the plaintiff in consummating the sale. The term of the agreement was one year.
*64 Over the objection of the defendant the plaintiff introduced uncontradicted evidence to the effect that it had made an earnest endeavor to sell the property in question and in connection therewith had incurred expense and spent considerable time. The defendant duly requested a report upon the admission of this evidence.
It further appeared in evidence that the defendant sold the property to a purchaser produced by him; that the sale price was $2200; and that the sale was made within the term of the writing above referred to.
The plaintiff duly filed four requests for rulings as follows:
“1. On the evidence introduced by the plaintiff, it is entitled to a finding in its favor.
2. The contract stipulating the terms upon which compensation shall be paid, subsequent performance of services in prosecuting of the employment thus authorized furnish sufficient consideration.
3. The contract, having set forth the compensation to the plaintiff in the event of the sale by the owner, the plaintiff having expended time and performed services, in accordance therewith, is entitled to the stipulated compensation.
4. Performance by the plaintiff of services renders the contract irrevocable. ’ ’
These requests were denied, and the Court found for the defendant.
The defendant contends that the writing referred to was not a contract because no consideration was provided for therein as moving from the plaintiff; that it was merely an offer, which the defendant could revoke at any time; that the sale by the defendant effected a revocation thereof; and that evidence of efforts to effect a sale by the plaintiff was *65 inadmissible as the writing was a written instrument “which speaks for itself.”
We think Goward vs. Waters, 98 Mass. 596 is decisive of these contentions and the issues raised by the denial of the plaintiff’s requests for rulings. In that case the defendant agreed “in consideration that” the plaintiff should purchase, or procure a purchaser for, certain property, to pay a commission. The last sentence of the agreement is as follows:
“And, in case I shall myself sell premises at said price of $4500, or at a greater or less price, then I further agree to pay said . . . 3% of such price paid to me for said premises.”
In that case as in the instant ease the defendant contended that the alleged agreement was void and of no effect, and the only defence offered was that there appeared to be no consideration for the promise of the defendant. With regard to this defence and the contention of the defendant, the Court says at p. 598:
“The position of the defendant’s counsel is undoubtedly true,' that at the time the contract was signed it was a mere nudum pactum. The plaintiffs paid nothing, incurred no expense or loss, and entered into no obligation on their part. They were at liberty to act or not, as they pleased; and would incur no liability by failing to do anything. But it is also apparent that the writing contemplated services to be rendered and expenses to be incurred by the plaintiffs for the defendant; and that the promises were made in view of such future services and expenses. The writing is merely a stipulation, by the defendant, of the terms upon which compensation shall be made by him. Subsequent performance of services and expenditure of money, in prosecution of the employment thus authorized, furnish a sufficient consideration for the promises of the defendant. Train vs. Gold, 5 Pick. 380. Gardner vs. *66 Webber, 17 Pick. 407. The case finds such a consideration in fact.”
The defendant further contends that the case above cited is to be distinguished from the instant case because consideration was mentioned in the agreement in the former. With regard to this the Court in the cited case at pages 596 and ,599 says:
“The principal difficulty in the case arises from the mention of a consideration in the writing itself.” . . . “. .- .It might, indeed, be questioned whether term ‘in consideration’ was not used to define the conditions upon which the first branch of the agreement should take effect, rather than to set forth its consideration in a legal sense. But whether it be the one or the other, the term has no application to the last branch of the agreement. It is obvious that this last clause could never be supported by it as a consideration. The very contingency upon which this clause was to become operative involves a defeat of that which is denominated the consideration in the first clause. Under the recital of the agreement, no legal consideration could be furnished, in accordance with its express terms, except by ' procuring a purchaser for the property. But there is a clear implication of another consideration; to wit, the ■services in that behalf to be rendered by the plaintiffs. The last clause is intended solely to fix the compensation for such services, in case a sale by the defendant should deprive them of the opportunity to secure' compensation under the provisions of the first clause.”
It seems obvious that the consideration referred to in the agreement in the Gfoward case formed no part, even by reference, of that part of the agreement creating the obligation on the part of the defendant, and hence the case was decided as if no consideration had been referred to.
With regard to the contention of the defendant that the writing in the instant case speaks for itself, and that no evidence was admissible to show what efforts the plaintiff *67 made to sell the property in question, a conclusive answer thereto is furnished by a further quotation from the opinion in the Coward case appearing on page 599 as follows:
“Considerations are often found by implication merely. .. . Proof of the facts which make out such a consideration does not contradict, add to, nor vary the written contract; but tends to support it according to its legitimate and proper interpretation.”
The defendant further contends that the writing in question was merely an offer which could be revoked at any time, and that the sale of the property by the defendant constituted a revocation. With regard to this the Court in the Groward case says at page 598:
“After the plaintiffs had entered upon this employment the defendant could not sell without making the stipulated compensation. If they failed to purchase or find a purchaser within a reasonable time after being called upon to fulfil, he might terminate the agreement. But this had not been done. The plaintiffs are therefore entitled to the price agreed for upon the event of a sale by the defendant himself.”
There is, in fact, no distinction between the Coward case and the case at bar except the reference to a consideration in the agreement in the former, and we have seen from a quotation from that opinion that these words had no bearing upon the decision in that case. An analysis of the opinion in that case shows conclusively that the writing in the case at bar was an offer which could be revoked at any time, unless it ripened into a contract; that a contract would result through a sale of the property by the broker upon the terms fixed by the owner, or upon a sale by the owner, if the broker had furnished consideration by making a reasonable effort to sell the premises; and that such consideration could be inferred from the writing and could be estab *68 listed by evidence at the trial. In view of the foregoing we think that the plaintiff is entitled to recover, and that it was error prejudicial to its rights to deny its requests for rulings.
■ The defendant relies upon Elliott vs. Kazajian, 255 Mass. 459 and Desrivieres vs. Sullivan, 247 Mass. 443. These 'cases simply hold that the listing of property with a broker is merely an offer which can be revoked at any time by the owner, and that a sale by the owner acts, itself, as a revocation of the offer. Obviously these cases have no application •to the issues in the case at bar because here the issue is whether the sale by the owner ipso facto creates a liability on his part to pay a commission.
Goward vs. Waters is apparently still the law of the Commonwealth, as it has never been overruled, but, upon the contrary, was cited with apparent approval as late as Walsh vs. Grant, 256 Mass. 555, and with obvious approval in Way vs. Greer, 196 Mass. 237 upon the point that parole evidence is admissible to show what the actual consideration was, if any, where the contract itself lacked sufficient reference thereto.
An order will be entered vacating the ¿finding for the defendant and directing that judgment be entered for the plaintiff for a sum equivalent to 5% of $2200 with interest.