JUDGE HARDIN
delivered the opinion of the court.
The appellee brought this action to recover of the appellant the sum of- six hundred and sixty-nine dollars and ninety cents, as the balance of the price of two hundred cords of wood, which the plaintiff alleged he sold the defendant at four dollars and thirty-five cents per cord, and was to haul and deliver at the brick-yard of the defendant. lie further alleged the delivery of forty-six cords of the wood, which were received; and “that he afterward tendered and offered to deliver to defendant, at the brick-yard of defendant, the remaining one hundred and fifty-four cords of wood, which he refused and still refuses to accept or receive.”
Admitting the payment of two hundred dollars and ten cents, the petition sought a recovery as aforesaid of the residue of the stipulated price of the wood.
A demurrer of the defendant to the petition was overruled, and he filed an answer controverting the averments of the petition, except as to the sale of said forty-six cords of wood, and payment therefor.
A trial resulted in a verdict and judgment for the sum claimed in the petition; and the court having refused to *465 grant the defendant a new trial, he has, appealed to this court.
The main and controlling question in the case, and which involves the correctness of the action of the court in both overruling the defendant’s demurrer to the petition and in instructing the jury, is whether the tender and offer to deliver the one hundred and fifty-four cords of wood at the brick-yard, without actual delivery, was such a performance of the contract on the part of the plaintiff' as to entitle him to recover not merely damages for the failure to accept and pay for the wood, but the entire contract price of it?
According to the case of Cook v. Braudeis & Crawford, 3 Met. 555, relied on for the appellee, and the authorities therein cited, the appellee might, on the refusal of the appellant to receive and pay for the wood, if he was bound to do so by the contract, have either kept the wood, and recovered by proper action the difference between its value at the time and place of delivery and the contract price; or he might have sold it with due precaution and diligence, and then have sued for and recovered the difference between the price received and the contract price; or he might, upon making an actual or constructive delivery of the wood, have recovered the full contract price, the measure of relief sought in this action.
But, although the evidence conduces to sustain the plaintiff’s averments of the contract, and his readiness and offer to deliver the one hundred and fifty-four cords of wood, and the refusal of the defendants to receive it, these facts do not, in our opinion, constitute, actually or constructively, a complete performance of the contract. For conceding that a substantial compliance with his undertaking did not require that he should place the wood upon the brick-yard against the will of the defendant, *466 he should have- set it apart for the defendant, and relinquished his own control of it, at or as near to the place of delivery as was reasonably practicable. This would have been a constructive delivery of the wood, not merely an offer or tender of delivery. (Duckham v. Smith, 5 Mon. 372; 2 Story on Contracts, sec. 800.) And as there would have remained nothing more for the plaintiff to do to vest the property in the defendant and render the sale absolute, he might then have recovered the contract price of the wood. But he was not entitled to a recovery to that extent upon the allegation and proof only of a tender or offer of delivery which, if true, neither divested him of the legal title nor the possession of the wood.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.