ROBERT H. JONES & others *vs.* JOHN SCHNEIDER.

November 20, 1875.

Contract for Sale of Unascertained Chattel to be Appropriated by Vendor— Appropriation and Delivery. — In April, 1874, defendant gave plaintiffs, through their agent, a written order in these words, viz.: "You will please ship to me from the factory to Bass Lake station, care of J. H. Lohman, on or before the 1st day of July, 1874, one of the Marsh harvesters, for which I agree to pay you or your agent, in cash and notes, on the arrival of the machine, two hundred and twenty dollars, as follows: note, $110, Nov. 1, 1874; note for $110, due Nov. 1, 1875, with interest." At the time when the order was given, plaintiffs' agent agreed to sell and ship a harvester in accordance with the terms of the order. Plaintiffs shipped a lot of harvesters from the factory to Minneapolis, without selecting any particular one for defendant, and, on June 26, 1874, shipped one of the lot to defendant from Minneapolis to Bass Lake station, where it arrived as early as some time in July, 1874. There was no evidence tending to show that the harvester was ever actually delivered to defendant, or that he was ever made aware of its arrival at the station. This being an action for goods sold and delivered, to recover the first instalment of the agreed price of the harvester, *Held,* 1. No actual

delivery of the harvester being shown, that the action cannot be maintained without proof of its constructive delivery.

**Same—Constructive Delivery.—2.** That if the harvester had been shipped from the factory to Bass Lake station, pursuant to the terms of the order, the shipment would have been a constructive delivery, and would have passed the property in such harvester to defendant; but that as it was not so shipped, the shipment from Minneapolis did not pass the property in the harvester to defendant, or operate as a delivery thereof to him, and that, therefore, this action cannot be maintained.

**Same—Failure by Vendor to Perform.—3.** That if the complaint were such as to allow a recovery, as upon a *contract for a sale*, the plaintiffs, having failed to ship according to the order, could not recover.

**Contracts—Rescission.—**A party who has entered into a contract is not at liberty to rescind the same at pleasure unless the contract contains a provision authorizing him to do so.

Appeal by defendant from an order of the court of common pleas of Hennepin county, *Young*, J., presiding, refusing a new trial.

*Horn & Billson*, for appellant.

*Benton & Benton*, for respondents.

This is not the ordinary action for goods sold and delivered, but is an action to recover the first instalment due under a special contract. The chattel here sold was one of the " Marsh harvesters." It was then in existence, as shown by the language used in the order. Defendant's purchase was, then, equivalent to the purchase of a specific chattel. The contract made it incumbent on plaintiffs to ship the machine, and they did so. When shipped it became, if it was not already, a chattel, ascertained and specified. No particular route was designed for its transportation. It was shipped by the usual route, according to the custom of plaintiffs in their business, and it was not only shipped from the factory to Bass Lake, but it actually arrived at its destination. It is of no consequence to defendant whether the machine passed through plaintiffs' warehouse in the course of its transit or not. No claim is made but that it arrived at Bass Lake in due season, and in good condition, or that the expense of transportation was at all increased. Plaintiffs could, even in an action for

goods sold and delivered, recover the agreed price, having proved the delivery at the place agreed, and that nothing further remained to be done by them; and this without proving any acceptance by defendant. *Nichols* v. *Morse,* 100 Mass. 523.

BERRY, J.[1] In April, 1874, defendant gave plaintiffs, through their agent, a written order in these words: "You will please ship to me from the factory to Bass Lake station, care of J. H. Lohman, on or before the 1st day of July, 1874, one of the Marsh harvesters, for which I agree to pay you or your agent, in cash and notes, on the arrival of the machine, two hundred and twenty dollars, as follows: note, $110, Nov. 1, 1874; note for $110, due Nov. 1, 1875, with interest." At the time when the order was given, plaintiffs' agent agreed to sell and ship the harvester in accordance with the terms of the order. Plaintiffs shipped a lot of harvesters from the factory to Minneapolis, without selecting any particular one for defendant, and on June 26, 1874, shipped one of the lot from Minneapolis to Bass Lake station, where it arrived as early as some time in July, 1874, but there is no evidence tending to show that defendant was ever made aware of the arrival of the harvester at the station mentioned, or that it was ever delivered to him, unless the foregoing facts show a delivery.

The plaintiffs bring this action for goods sold and delivered, for the purpose of recovering the first instalment of the agreed price of the harvester. As the harvester was not actually delivered to defendant, the action cannot be maintained unless the foregoing facts prove a constructive delivery to him. The original contract, evidenced by the order and the contemporaneous agreement of the plaintiffs' agent, was a contract for the sale of an unascertained chattel; but, by the terms of the order, the vendors were authorized to act for the vendee in selecting the chattel, and appropriating the same to the vendee. In other words, the vendee

---

[1] Cornell, J., having been of counsel, did not sit in this case.

made the vendors his agents for the purpose of the selection and appropriation, but in conferring the agency the vendee prescribed the mode of its exercise, thus, in effect and in law, authorizing the vendors to select and appropriate in the prescribed manner, but not otherwise. Whatever, then, was done by the vendors in the premises, it did not in itself effect a selection and appropriation if it was not done in the manner prescribed by the vendee. If the authority conferred upon the vendors had been pursued, the selection and appropriation made would have operated to pass the property in the harvester selected and appropriated to the defendant.

Now, the authority given by the defendant to the plaintiff in the case at bar was, to ship " to me from the factory to Bass Lake station," etc. This authorized the plaintiffs to select and appropriate a harvester for the defendant, by shipping it to him from the factory to Bass Lake station; and if a harvester had been so shipped, the shipment would have appropriated the harvester to defendant, and have vested the property thereof in him, and the shipment would have been a delivery. But the harvester was not shipped to defendant from the factory to Bass Lake station, but was one of a lot shipped from the factory to Minneapolis, (without the designation of any particular machine for defendant,) and from Minneapolis the shipment was made to Bass Lake station. The shipment, not being made in accordance with the terms of the contract, did not pass the property in the machine to defendant, or operate as a delivery thereof to him. Benjamin on Sales, 263–5 ; *Corning* v. *Colt*, 5 Wend. 253 ; *Hills* v. *Lynch*, 3 Robt. 42.

It may be that the difference between the manner in which the shipment was ordered to be made and that in which it was made was, in fact, of little or no material consequence in itself, so far as we can see ; but the contract of the parties must govern. It is not for the court to speculate upon the importance of stipulations which contracting par-

ties see fit to insert in their agreements. It follows that this action cannot be maintained as an action for goods sold and delivered.

Neither if the pleadings were such as to allow a recovery, as upon a *contract for a sale,* (as the plaintiffs appear to contend,) would the case of the plaintiffs be any better, for the facts show that, even upon such a construction of the complaint, the plaintiffs have failed to perform on their part by failing to ship according to the order.

As it is possible that there may be another trial in this case, it is expedient to add that the letter in which defendant undertook to countermand his order for the harvester was properly excluded as immaterial. A party who has entered into a contract is not at liberty to rescind the same at pleasure unless the contract contains a provision authorizing him to do so. *Horn* v. *Western Land Ass'n,* (*ante* p. 233.)

Order reversed.