Filed April 30, 1885.

———◆———

No. 11,789.

## SOHN v. JERVIS.

PLEADING.—*Argumentative Denial.*—It is not error to overrule a demurrer to an answer pleading an argumentative denial.

EVIDENCE.—*Assumption of Fact as Ground of Objection.*—Where there is a controversy as to the existence of a given fact, counsel have no right to assume the existence of the fact as the basis of an objection to evidence.

SAME.—*Leading Questions.*—It is only where it plainly appears that the trial court abused its discretion in permitting leading questions to be asked that the Supreme Court will interfere; and there is no abuse of discretion in permitting leading questions upon merely introductory matters.

SAME.—*Practice.*—Courts are not bound to sift evidence offered in mass to select the competent from the incompetent, but it is the duty of counsel to offer only competent evidence.

SAME.—*Contract.*—Where the price of an article is fixed by contract, that price governs, and evidence of the market value of the property is incompetent.

SAME.—*Custom.*—Where there is an express contract, the rights of the parties must be determined by the contract, and they can not be varied by a custom which contravenes the rules of law.

SALE.—*Duty of Seller.*—Where goods are sold upon an order from a buyer living at a place distant from the seller, and the latter undertakes to ship them, it is his duty to deliver them to the carrier, properly consigned.

SAME.—*Delivery.*—*Consignment to Seller.*—*Right of Buyer.*—It is the duty of a seller to consign goods to the buyer, unless there is some different agreement, and a seller who consigns goods to himself does not deliver them to the buyer. ·Where the goods are consigned to the seller, the buyer is not obliged to take them from the carrier, nor is he bound to make inquiry of the carrier for goods not consigned to him.

From the Grant Circuit Court.

*G. T. B. Carr*, for appellant.

*A. Steele* and *R. T. St. John*, for appellee.

ELLIOTT, J.—The appellant instituted this action to recover the price of one hundred bushels of potatoes which he alleged were sold and delivered to the appellee under a written contract made by telegraph.

The second paragraph of the answer is good as an argumentative denial, for it denies the delivery of the potatoes to the appellee, and there was, therefore, no material error in overruling the demurrer. The second paragraph was unnecessary but harmless. As no injury resulted to the appellant on this ruling, it can not be deemed a sufficient ground to justify a reversal.

Complaint is made of the ruling of the court on the appellant's motion to strike out parts of depositions taken by the appellee. The part first objected to relates to an examination of the potatoes after their arrival at Delphos, Ohio, where the appellee lived. Counsel assumes that the potatoes examined were not those shipped by the appellant, and upon

this assumption, argues that the evidence was irrelevant. But this assumption counsel could not justly make, for the question whether the potatoes were the same as those shipped was one of fact, to be determined by the jury from all the evidence in the case. An assumption of fact can not be made for the purpose of suppressing a deposition, unless, indeed, there is an absolute lack of connecting evidence.

It is only where it very clearly appears that the trial court abused its discretion in permitting a party to ask leading questions that appellate courts will interfere. Leading questions upon merely introductory matters are not improper, although they may be upon material matters; but, even then, the appellate courts will only interfere where the trial court has abused its discretion. There was no abuse of discretion here and no injury to the appellant.

It is argued that evidence of the condition of the potatoes some time after they reached Delphos was incompetent, because it did not prove their condition when shipped from Marion, where they were sold. This position is not maintainable. The question for the jury, as to whether the evidence tended to prove that the potatoes were rotten at the time they were shipped, was one of fact for the jury, not of law for the court. The court could not say, as matter of law, that their condition several days after shipment might not supply grounds for inferring their condition at the time of shipment.

There was no error in excluding the proceedings and report of a committee of the Grocers' Protection Union of Delphos. The parties to this action could not be affected by what third persons did in an association organized for the purpose of settling mercantile disputes. But Sohn certainly has no cause of complaint, for the matters stated in the report were strongly against him, and he was benefited, not injured, by its exclusion.

Letters and telegrams written by third persons could not

affect the merits of this controversy, nor could they help or injure either party, and they were properly excluded.

. The banks to whom Sohn sent his drafts for collection were not the agents of Jervis, and the statements of their officers were not admissible against him.

It is probable that the letter of Jervis, offered in evidence, ought to have been admitted, but it was offered in a mass with other papers which were clearly inadmissible, and the court was not bound to hunt through the mass to discover what was competent, but was justified in excluding the evidence as offered. Courts are not bound to sift a mass of offered evidence to select the good from the bad ; that is the duty of the party making the offer. But, if we were wrong in this, still there can be no reversal, for it is perfectly plain that the exclusion of the appellee's letter did the appellant no harm, for its contents were strongly and directly against him.

The price of the potatoes was fixed by contract, and there was no reason for an inquiry into the market price. Where a price is fixed by contract that governs.

The potatoes were ordered by Jervis from Delphos, Ohio, by telegram, and the appellant accepted his proposition. There was, therefore, a complete contract, with all its legal incidents. Where there is a complete written contract with fixed and known legal incidents, the rights of the parties can not be controlled by evidence of a custom contravening the law, or directly violating the terms of the written agreement. It was, therefore, proper to exclude the evidence offered to show a custom that in cases of this character the seller was not to ship or consign to the person to whom he sold them, but to himself.

Where goods are sold upon an order from a buyer living at a distant place, and the seller undertakes to ship them, it is his duty to deliver them to the carrier, properly consigned. This proposition is asserted in the seventh instruction given by the court and in rather more favorable terms than the appellant had a right to ask, and he can not successfully assail it.

A purchaser of goods living on a line of railroad distant from the seller is not bound to inquire at the railroad depot in any other name than his own, unless he has been notified by the seller that the goods were shipped in some other name. Where goods are ordered by mail and telegraph, to be shipped by the seller, and the seller accepts the proposition contained in the order, it is his duty to consign the goods to the buyer. If he pursues any other course, without at least notifying the buyer, his is the fault and his must be the loss caused by the delay in receiving and caring for the goods at their destination.

Counsel for appellant is correct in asserting that a seller ordinarily delivers the goods when he places them in the hands of the carrier, duly consigned at the place of sale. Here, however, the appellant did not consign the goods to the seller, but consigned them to himself, and there was, consequently, no delivery. The vendee got nothing, could get nothing, for the carrier was not authorized to place the goods in the hands of any other person than the consignee. It is impossible to perceive how there can be a delivery, where both the title and the right of possession remain in the seller.

The verdict is clearly right upon the evidence.

Judgment affirmed.

