ABEL HOOVER *et al. vs.* JOHN MAHER.

Argued Oct. 26, 1892. Decided Nov. 12, 1892.

**Sale—When Title Passes.**

Upon an order for a specified quantity of twine to be shipped to the vendee on a specified day, the separation of the quantity from the vendor's general stock, and shipping it before the specified day, is not an appropriation of the quantity separated to the contract, so that the title passes. It is a condition of the vendor's authority to make the appropriation that he shall ship as directed.

Time of Shipment—Correspondence Considered.

> Correspondence between the parties *held* not to show a waiver of the condition as to the time of shipment.

Appeal by plaintiffs. Abel Hoover and William Gamble, partners as Hoover & Gamble, from an order of the District Court of Big Stone County, *C. L. Brown*, J., made March 19, 1892, refusing a new trial.

This action was brought to recover of defendant, John Maher, the sum of $560 for binder twine alleged to have been sold and delivered to him July 10, 1890, at the warehouse of the Security Warehouse Company, in Minneapolis. The case was tried on an agreed statement of the facts, and decision rendered for defendant. From an order denying their motion for a new trial, plaintiffs appeal.

*Keith, Evans, Thompson & Fairchild,* for appellant.

The contract at the time of the destruction of the twine had become an executed contract, and this case is ruled by *Rail* v. *Little Falls Lumber Co.*, 47 Minn. 422.

The contract, though at first executory, was converted into an executed contract by the appropriation of specific goods to the contract. Benjamin, Sales, (4th Am. Ed.) § 358; *Fishback* v. *Van Dusen*, 33 Minn. 111; *Hatch* v. *Standard Oil Co.*, 100 U. S. 124; *Terry* v. *Wheeler*, 25 N. Y. 520; *Merchants' Nat'l Bank* v. *Bangs*, 102 Mass. 291; *Hatch* v. *Bayley*, 12 Cush. 27. By this "appropriation," the title passed, even though the contract contemplated a subsequent shipment to respondent at Beardsley. *Rail* v. *Little Falls Lumber Co.*, 47 Minn. 422.

When the appellants got the twine to Minneapolis, from which place respondent was to pay freight, and where, as we construe the contract, he was to receive it, and when respondent notified the Warehouse Company to hold the twine until he ordered it sent, appellants had done all they had to do, respondent assumed control over it, and the title passed to him. *Claflin* v. *Boston & Lowell R. Co.*, 7 Allen, 341; *Washburn Iron Co.* v. *Russell*, 130 Mass. 543; *Webster* v. *Granger*, 78 Ill. 230; *Hatch* v. *Lincoln*, 12 Cush. 31; *Williams* v.

*Adams,* 3 Sneed, 359; *Barrett* v. *Goddard,* 3 Mason, 107; *Lee* v. *Bangs,* 43 Minn. 23; *Colwell* v. *Keystone Iron Co.,* 36 Mich. 51.

The time of shipment was immaterial, but even if shipped prematurely, respondent made no objection when notified thereof, but on the contrary assumed control of the twine, and must be held to have waived his right to object to the time of shipment. *Fishback* v. *Van Dusen,* 33 Minn. 111; *Lee* v. *Bangs,* 43 Minn. 23; *Hatch* v. *Lincoln,* 12 Cush. 31; *Corning* v. *Colt,* 5 Wend. 253.

By ordering the Warehouse Company to hold the goods until such time as he ordered them out, respondent made the company his agent, and its possession of the twine was his possession. *Sedgwick* v. *Cottingham,* 54 Iowa, 512, and cases *supra.* *Cushing* v. *Breed,* 96 Mass. 376; *Townsend* v. *Hargraves,* 118 Mass. 325.

*A. S. Crossfield,* for respondent.

The contract never at any time became executed. The twine was shipped before the time agreed upon by the parties; defendant was not bound to and did not receive it. *Jones* v. *Schneider,* 22 Minn. 279. The twine was to be shipped to defendant at Beardsley, Minn. This was not done and therefore the title never passed. *Jones* v. *Schneider,* 22 Minn. 279; *Security Bank* v. *Luttgen,* 29 Minn. 363.

GILFILLAN, C. J. Action to recover for goods sold. The only question is, was there an executed, or only an executory, contract of sale? The plaintiff's place of business was Miamisburg, Ohio; the defendant's Beardsley, Minn. June 25, 1890, the defendant telegraphed plaintiffs: "I will take 4,000 lb. of your standard twine, at 13½, at Minneapolis, but don't want it shipped till about July 15th." June 28th plaintiffs wrote defendant: "Yours of 25th to hand. We are loading car to-day for Minneapolis, and will put in for you 4,000 lb. of our standard twine at 13½ c. frt., from Minneapolis. The car will arive at Minneapolis about July 6th. If you do not want it shipped out at that time, please notify the Security Warehouse Company, Minneapolis, Minn., to hold till you want it; otherwise will instruct them to ship as soon as car arrives, and, if they do not hear from you, they will do so." June 30th plaintiffs sent a bill for the

4,000 lbs. twine with this notation: "In car load to Security W. H. Co. Terms, note due Nov. 1, '90, with 8% interest after due." June 30th defendant wrote the Security Warehouse: "Messrs. Hoover & Gamble, of Miamisburg, Ohio, are shipping twine to your house for me, and I want you to hold this twine until I order it out. It must be held free of charge to me; if there is any charge, you must make H. & G. stand it." July 9th defendant wrote plaintiff: "Your letter received, with note inclosed for signature. I will attend to it as soon as twine is received." Upon the telegram of June 25th plaintiff set apart from its stock 4,000 lbs. of twine, marked it with defendant's name addressed to him at Beardsley, sent it in a car load of other twine in various parcels tagged and addressed to various persons to the Security Warehouse Company, Minneapolis, where it was received prior to July 10th. July 15th the warehouse, with its contents, including the 4,000 lbs. of twine, was totally destroyed by fire.

Whether, upon the foregoing correspondence, the twine was to be delivered by plaintiffs to defendant at Beardsley or at Minneapolis is immaterial. It is clear it was not intended the title should pass to defendant, so that he should become liable for the price, until a delivery at one place or the other. Merely setting the twine apart from plaintiffs' general stock, for the purpose of filling defendant's order, did not pass the title, nor shipping it to the Security Warehouse, nor the receipt of it by the warehouse company, for that company was the agent of the plaintiffs. And had that company either tendered delivery to him at Minneapolis, or shipped it to him from that place, prior to the time specified in his order, he would have been under no obligation to receive it. When one orders goods to be sent him, and thereby makes the vendor his agent to select and appropriate the specific articles to the contract, the latter must do it in the manner prescribed. Thus, where the order was to ship the article from a specified place to the vendee, a shipment from another place was held not an appropriation of the article to the contract, so that the title passed. *Jones* v. *Schneider*, 22 Minn. 279. Of course, the vendee, when authorizing the vendor to make the appropriation, may attach a condition as to time, as the defendant did in this case,

as well as any other condition. The plaintiffs did not observe that condition. The defendant might waive compliance with the condition; might take such action as would make a constructive delivery, without actually receiving the twine from the warehouse company, as if he had consented that the company should thereafter hold it for him; and plaintiffs claim that he did so by his letter to the company of June 30th. When that letter is read in connection with the order, and plaintiffs' letter of June 28th, it would be doing violence to it to construe it to be a consent, as between plaintiffs and defendant, to waive the condition of the order as to time, and to have the warehouse company hold the twine thereafter on account of defendant instead of on account of plaintiffs. Had it been written without any suggestion of plaintiffs that might be claimed as its effect. But they, for their own convenience, had shipped the twine from Miamisburg, so that it would arrive at Minneapolis before the time when defendant would be ready to receive it according to his order, and, assuming that he might waive the matter of time and consent to its shipment to him from Minneapolis as soon as it arrived there, the plaintiffs wrote their letter of June 28th, requesting him, in case he did not so consent, to do just what he did,—to notify the warehouse company, the agent of plaintiffs, to hold it till he should want it. Neither party could have understood that notification to be a consent to receive the twine before the time when he would have received it had it been shipped as directed by the order.

Order affirmed.

(Opinion published 53 N. W. Rep. 646.)