McCORMICK HARVESTING MACHINE COMPANY v. JOHN H. BALFANY.

December 15, 1899.

Nos. 11,904—(168).

### Sale of Chattel—Delivery—Action for Price.

Before a seller can maintain an action for the agreed price of a chattel, there must be such a delivery, actual or constructive, as will pass the title and vest the ownership of the property in the purchaser. If the possession and the title remain in the seller, and the purchaser renounces his contract, the law requires the seller to treat the property as his own, and to sue, if at all, for the damages he has sustained.

### Constructive Delivery.

In the case at bar the purchaser refused to accept the chattel, and there was no actual delivery. *Held*, on the undisputed facts, that there was no constructive delivery.

Action in the district court for Redwood county to recover $135, the price of a harvester and binder. The case was tried before Webber, J., and a jury, which rendered a verdict in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Frank Clague* and *Somerville & Olsen,* for appellant.
*Seward & Burchard,* for respondent.

COLLINS, J.

We assume that when plaintiff, through its agents, who went to defendant's house for that purpose, procured and received the orders signed by defendant, made out on one of plaintiff's blanks, and furnished to defendant a copy thereof, there was an acceptance by plaintiff of defendant's proposition to buy a machine, and thus the order became a complete executory contract, as between these parties; the plaintiff agreeing to sell, and the defendant agreeing to buy, the "right-hand" machine therein described. See Kessler v. Smith, 42 Minn. 494, 44 N. W. 794. This contract bore date April 15, 1898, and required that plaintiff should ship the machine to defendant, consigned to the care of Gebhard & Ruth, plaintiff's local agents, at Lamberton, Minnesota, on or about July 15 of that year.

Now, the undisputed testimony is that something over 60 of these machines, alike in every respect, were shipped by plaintiff to these local agents, reaching Lamberton about July 15. Part of them were unloaded from the cars, and taken to the agents' place of business or sheds, where about six of the number were unpacked and set up ready for delivery. Defendant was at the sheds soon afterwards, and was told that the machine he had ordered was ready. His reply was that he wanted a "left-hand" machine, and would not take a "right-hand." He positively refused to take a machine answering the requirements of the order, and also positively refused to settle, either by paying in cash or by giving his notes. No particular machine was designated or marked as for defendant when the lot was shipped by plaintiff, none was consigned to him in care of the local agents or otherwise, and none was set apart or pointed out to defendant as the one he had ordered when he was at the agents' place of business. Nor did the local agents designate or set apart any particular machine at any time as defendant's, although they have constantly kept on their premises, ready for delivery to him, a machine complying in all respects with the description in the order.

There was no actual delivery of a machine to defendant; for he expressly refused to take possession, and plaintiff cannot recover the contract price therefor, unless the facts as shown prove that

there was a constructive delivery to him. Jones v. Schneider, 22 Minn. 279. Before a seller can maintain an action for the agreed price of a chattel, there must be such a delivery, actual or constructive, as will pass the title, and vest the ownership of the property in the purchaser. If the possession and the title remain in the seller, and the purchaser renounces his contract, the law requires the seller to treat the property as his own, and to sue, if at all, for the damages he has sustained. Newmark, Sales, § 391; 21 Am. & Eng. Enc. 576. See also Rail v. Little Falls Lumber Co., 47 Minn. 422, 50 N. W. 471.

The facts now before us show conclusively that there was no constructive delivery of a machine to defendant. The order, in terms, authorized the plaintiff to select and appropriate a machine to the contract, and to defendant, by designating the same, and it expressly directed that it be consigned to him in care of the local agents. But this was not done. There was no designation of any machine as defendant's; and none consigned to him. Nor was there at any time an appropriation of any particular machine by the agents to defendant's contract out of the large number which had been received at their place of business. The machine was not specified to which the contract would attach, or, in legal phrase, there was no appropriation of a machine to defendant, or to his contract, and no property passed. Stating to defendant that his machine was ready to be delivered, and pointing to a number then on hand, either of which would comply with the terms of the order, did not amount to constructive delivery of any particular machine, nor was there any act on plaintiff's part which would pass the title so as to vest it in defendant, and thus authorize a recovery of the contract price. The result of permitting such a recovery would be nothing more or less than enforcing specific performance of a contract for the sale and delivery of chattels, contrary to the general rule.

As on the evidence the plaintiff could not recover the contract price, it is not necessary to consider or pass upon that part of the charge which bore upon the alleged "countermand" of the order.

If there was error on this point (see Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756), it was error without prejudice.

Order affirmed.