McCORMICK HARVESTING MACHINE COMPANY v. EMAN CALTA.[1]

May 23, 1902.

Nos. 12,984—(119).

## New Trial—Reversal of Order.

*Held*, in the action at bar, in which plaintiff had a verdict, that the evidence was not so manifestly and palpably in favor of such verdict as to require this court, under the well-known and well-settled rule, to reverse an order granting defendant a new trial.

Appeal by plaintiff from an order of the district court for Jackson county, Quinn, J., granting a motion for a new trial.   Affirmed.

*Severance & Andrews*, for appellant.

*Knox & Faber*, for respondent.

COLLINS, J.

This was an action to recover the agreed purchase price of a harvester and binder which plaintiff claimed was ordered by defendant,—the order being in the usual form, and in writing,—afterwards delivered to him, and for which he refused to execute notes in accordance with the terms of the order, or to pay for in cash. By the answer the defendant put in issue the allegations that he gave the order and that the machine was delivered to him.   The verdict was for the plaintiff in the full amount claimed.   Thereupon defendant's counsel moved for a new trial upon the grounds: First, that the verdict was not justified by the evidence, and was contrary to law; second, for errors of law occurring upon the trial, duly excepted to by the defendant, and specifically enumerated in the moving papers.   The court below granted the motion, but did not indicate upon what ground, so that, if its action can be sustained upon either, the order must be affirmed.

We think it quite evident from the testimony and from the charge of the court that the jury must have found not only that the defendant signed and delivered the order as alleged in the complaint, but that there was an actual delivery of the machine to him.   The question of constructive delivery seems to have been

[1] Reported in 90 N. W. 529.

eliminated at the trial. We are also of the opinion that the evidence upon the question of actual delivery would have justified a verdict either way. It inevitably follows that the evidence was not so manifestly and palpably in favor of the verdict as to require us, under the well-known and well-settled rule, to reverse the order granting a new trial, which was simply an exercise of the discretionary power of the trial court. As a new trial must be had, it is quite proper for us to refer to Jones v. Schneider, 22 Minn. 279; Hoover v. Maher, 51 Minn. 269, 53 N. W. 646; McCormick H. M. Co. v. Balfany, 78 Minn. 370, 81 N. W. 10; and Deering v. Johnson, supra, page 172,—not because they were overlooked at the first trial, but because it can be said that by following the rules therein laid down there should be no trouble in correctly submitting the issues herein a second time.

Order affirmed.