## INTERNATIONAL HARVESTER CO. OF AMERICA v. HAYWORTH.

Under Rev. Civ. Code, § 1169, providing that the person offering a thing, other than money, by way of performance, must, if he means to treat it as belonging to the creditor, retain it as a depositary for hire till the creditor accepts it, or till he has given reasonable notice to the creditor that he will retain it no longer, and section 1164, providing that, when a debtor is entitled to performance of a condition precedent or concurrent with performance on his part, he may make his offer depend on the due performance of such condition, it is only when a seller unconditionally offers the property to the buyer that, it being refused, the seller may, retaining it for the buyer, sue for the price; and, the offer being on condition of the buyer then paying, or giving notes, for the property, in accordance with the contract, the seller, on the buyer refusing to accept and perform, can sue only for damages for breach of the contract.

Under Rev. Civ. Code, § 1163, providing that a thing, when offered by way of performance, must not be mixed with other things from which it cannot be separated immediately and without difficulty, where defendant contracted to buy a machine of plaintiff, to be consigned to the care of plaintiff's agent A., and on receipt of the machine to pay, or give notes, therefor, it was necessary, in order to constitute a valid offer of delivery to defendant, on refusal of which he could be sued for breach of the contract, that it be separated and set apart from the other machinery with which it was mixed when received by it.

(Opinion filed, June 26, 1909.

Appeal from Circuit Court, Clark County: Hon. GEORGE H. MARQUIS, Judge.

Action by the International Harvester Company of America against J. H. Hayworth. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

*Hanten & Loucks,* for appellant. *S. A. Keenan,* for respondent.

CORSON, J. This is an appeal by the defendant from a judgment entered upon a verdict of the jury and order denying a new trial. The action was instituted by the plaintiff, a corporation, to recover of the defendant the contract price of certain farm machinery alleged to have been sold and delivered by the plaintiff to the defendant. The complaint is based upon a contract of sale, the material part of which is as follows: "Gentlemen: The undersigned hereby purchases of you, to be shipped in time for the coming harvest, one of your Deering 7 ft. Ideal H. & B. with

tongue trucks to be consigned to the care of Chas. Aldrich, agent at Henry, S. D. Upon receipt of the machine, the undersigned agrees to pay you $135.00 cash or execute and deliver to you approved notes as follows: $48.00 payable on the 1st day of October, 1904; $48.00 payable on the 1st day of October, 1905; $49.00 payable on the 1st day of October, 1906. Said notes to draw interest at the rate of 8 per cent. per annum from September 1, 1904, until maturity, and 10 per cent. per annum from maturity until paid." The plaintiff alleges: That it complied with the terms and conditions of said contract; that in pursuance of said order, and relying entirely thereon, it, on or about June 15, 1904, duly shipped and consigned to said Charles Aldrich, for said defendant, the said machinery; that on or about July 1, 1904, said plaintiff, by and through said Charles Aldrich, duly offered to deliver to said defendant said machine, and demanded that he pay the sum of $135, or execute and deliver said promissory notes; that said defendant refused to execute and deliver said promissory notes, or to make said payment, and still refuses so to do; that said machine is still at Henry, S. D., the property of said defendant.

The defendant in his answer denies any knowledge or information and belief as to plaintiff's shipment of the machinery in controversy; denies that plaintiff offered to deliver to said defendant the said machine; denies that said plaintiff demanded that said defendant pay for the said machine the sum of $135; denies that said plaintiff demanded of said defendant to execute and deliver any promissory notes; denies that said machine described in paragraph 2 of plaintiff's complaint is still at Henry, S. D.; denies that said machine is the property of the defendant; denies that said plaintiff has performed the conditions of said order; alleges that said plaintiff never offered to deliver said machine to the defendant; alleges that said defendant canceled said order on or about July 10, 1904, and refused to accept the said machine, and so notified the plaintiff corporation; alleges that said plaintiff corporation never accepted said defendant's order, or at any time gave said defendant notice of the acceptance thereof; alleges that said machine was not in the possession of the said plaintiff corporation at the business place of Charles Aldrich, at Henry, S. D., at the commencement of this

action; alleges that at the time of the giving of the order described in plaintiff's complaint, and after the signing of the same by the defendant, before delivering the same, he canceled said contract.

The evidence as to the delivery of said machinery on the part of the plaintiff was as follows: Charles Aldrich, being called on behalf of the plaintiff testified as follows: "My name is Charles Aldrich. My business is farm machinery—harvesters and binders, and the like. I have been agent for the International Harvester Company of America during the past year. * * * Q. You may state whether or not, Mr. Aldrich, you received the machine described in here from the International Harvester Company, the plaintiff in this action. A. I did. That was before the harvesting season of 1894 opened. I notified Mr. Hayworth, the defendant in this action, after the machine arrived, that I had the machine there for him. He did not execute the notes described in here. He did not do anything in regard to the matter. He did not take the machine. He refused to take it." On cross-examination he testified as follows: "This particular machine was shipped to J. H. Hayworth in my care. It was not tagged to him. I said that it was not tagged. It was not marked in any way showing that it had been shipped to J. H. Hayworth. There was a carload of mixed machinery. I think there were—I could not say now just how many there were. There were four or five seven-foots and two six-foots and some twelve-foots and one eight-foot. There were not tank trucks on all of them. There was one in the car load with tank trucks. I think there was not more than one. I think there was one. They were all set up. * * * Prior to the commencement of this action, I never had any machine down at Henry, S. D., ticketed, marked, or labeled J. H. Hayworth." He was then asked the following question: "Have you at this time at Henry, S. D., a machine of this kind in your warehouse at Henry, S. D.?" To which question the plaintiff objected as incompetent and immaterial and inadmissible under the pleadings, which objection was sustained by the court, and the defendant excepted. "Q. You did not ask him for any cash, any notes, or settlement?" This question was objected to by the plaintiff as incompetent, irrelevant, and im-

material and not proper cross-examination. The court sustained the objection, and the defendant excepted. On re-examination of Mr. Aldrich, he testified that he had the machine in his warehouse at Henry. He was then asked the following question: "Q. Is it there subject to his paying the price and taking possession of it at any time that he wants to? A. It is. Mr. Hayworth has never asked me for that machine. It is over there at my warehouse. He can have it at any time that he comes for it, on payment of the price." Again he testified, in speaking of his visit to the defendant with Mr. Gillen, as follows: "We asked for a settlement, not for any cash. We asked for a settlement for the machine, that would have been cash or notes. I did not have the machine with me. We did not offer to turn over the machine at that time. * * * Our order stated that upon the receipt of the machinery he was to pay me either cash or to give me approved notes. Q. Upon receipt of the machinery, that would mean when the machine was not in your possession, but in his? A. No, sir; that is not what is meant. We always take a settlement before the machinery is delivered." It will thus be seen, from the testimony of the agent, that there was no unconditional offer to deliver the machinery, and that he did not intend to deliver it until the defendant either paid the contract price in cash, or executed approved notes.

It is contended by the appellant: (1) That the contract was not a binding contract upon the defendant, for the reason that he had never been notified that the plaintiff had accepted the contract. (2) That the plaintiff was not entitled to recover, in this form of action, for the reason that no delivery or offer was made, in accordance with the provisions of our Code, as the machinery was not consigned to or in the name of the defendant, and had never been separated from the other machinery received at that time by plaintiffs agent, and never deposited as provided by the provisions of our Civil Code, and could not have been delivered by the agent except upon payment by cash or notes. (3) That, if the plaintiff had any cause of action, it was an action for a breach of the contract to receive the machinery, and not an action for the value of the machinery, as there had been no actual delivery or offer of the property to the defendant. (4) That, to entitle the plaintiff to

maintain an action as for the absolute sale of the property, there must be an unconditional delivery or an unconditional offer of delivery, and that, in this case, by the terms of the contract, before a delivery could be made, the defendant was required either to pay for the property in cash, or execute notes acceptable to the plaintiff for the same, and that the court erred in excluding certain evidence offered by the defendant, and which rulings of the court were excepted to by the defendant.

It is insisted on the part of the plaintiff that when it shipped machinery to the care of its agent at Henry, and the same was offered to the defendant and refused, the title of the property passed to the defendant, and he became liable for the value of the same in this action. It further insists that, as the defendant refused to accept the machinery, it was not nesessary for the plaintiff to tender the identical machinery to him; but if its agent in whose care the machinery was shipped had the same at Henry, and the defendant was notified that the same was ready there for him, there was such a sale and delivery of the machinery as entitled the plaintiff to recover the contract price in this action, notwithstanding the machinery was not consigned directly to the defendant, or was not so marked that it could be identified as the machinery sold to him. It will be noticed, by the terms of the contract or order, that, upon receipt of the machine, the defendant agreed to pay $135 cash, or execute and deliver approved notes for the same, and that plaintiff's agent testified that he would not have delivered the machine unless the conditions had been complied with by the defendant.

Section 1169 of the Revised Civil Code provides: "The person offering a thing, other than money, by way of performance, must, if he means to treat it as belonging to the creditor, retain it as a depositary for hire until the creditor accepts it, or until he has given reasonable notice to the creditor that he will retain it no longer; and if, with reasonable diligence, he can find a suitable depositary therefor, until he has deposited it with such a person." Section 1163 provides: "A thing, when offered by way of performance, must not be mixed with other things from which it cannot be separated immediately and without difficulty." And section 1164 provides: "When a debtor is entitled to the perform-

ance of a condition precedent to, or concurrent with, performance on his part, he may make his offer to depend upon the due performance of such condition." Construing these sections together, it is quite clear that two classes of cases are provided for: One where the property is unconditionally offered to the vendee with the intention of vesting the title absolutely in the vendee, in which case, if the offer is properly made, and the property set apart for the vendee, the vendor may recover the contract price, retaining possession of the property after such offer of performance as trustee or bailee of the vendee. In the second case, where there is to be a delivery upon the compliance of the vendee with certain conditions as to the payment or securing the payment for the property, in which case the title remains in the vendor, and he can only maintain an action for damages for breach of the contract on failing to accept the property and complying with the conditions prescribed in the contract.

The learned circuit court seems to have overlooked the distinction in these two classes of cases, and took the view that, as the machine contracted to be purchased by the defendant was shipped to its agent at Henry, to be delivered to the defendant upon payment of the contract price, in cash or approved notes, and an offer made to deliver the property upon the defendant complying with the conditions of the contract, the plaintiff was entitled to recover the contract price in this action, and the defendant, having refused to accept the same, was liable for the contract price to the plaintiff, under the decision of this court in the case of Dowagiac Mfg. Co. v. Higinbotham, 15 S. D. 547, 91 N. W. 330; but the facts in that case were entirely different from those in the case at bar. In that case it was alleged in the complaint: "That on or about the 25th day of October, 1898, the plaintiff and defendant at Dowagiac, in the state of Michigan, entered into a contract, whereby the plaintiff agreed to sell, and the defendant agreed to purchase, certain farm machinery, * * * same to be delivered by the plaintiff free on board cars at Dowagiac in the state of Michigan, to be shipped on or before February, 1899, and the defendant agreed to settle for the same May 1, 1899, by note payable on or before November 10, 1899." This allegation of the complaint was admitted by the an-

swer. It will be observed that in that case the settlement for the machinery was not to be made until several months subsequent to the shipment of the machinery, and the plaintiff shipped the machinery at Dowagiac, to the defendant, directly to his home in Centerville, S. D., and paid the freight thereon (which the company was not required to do by the terms of the contract, as that provided that it should be shipped free on board cars at Dowagiac). The delivery of the machinery at Dowagiac to the railroad company, consigned directly to the defendant, and the freight prepaid, constituted an unconditional delivery of the property to the defendant; there being in that case no stipulation as to the payment of any portion of the price of the property or the execution of any notes or other securities prior to its receipt by him. This court therefore held that there was a sale and unconditional delivery of the property to the defendant vesting the title in him, and that the plaintiff was entitled to recover the contract price of the machinery. That case therefore came clearly within the provisions of section 1169, in which the title of the property passed to the defendant, and thereafter the plaintiff retained possession of the same, only as trustee or bailee for the benefit of the defendant, and was entitled to recover the contract price of the property.

But, as we have seen in the case at bar, there was no unconditional offer to deliver the property to the defendant; but it is claimed by the plaintiff that there was an offer to deliver upon the defendant complying with the terms of the contract, by paying the price stipulated, either in cash or in approved notes, and the machine properly segregated from the other machinery. The title therefore to the property continued to remain in the plaintiff, and the defendant was entitled, upon cross-examination, to a full disclosure of all the facts attending the offer to deliver the property to the defendant, and the court was clearly in error in sustaining plaintiff's objections to the questions propounded to the plaintiff's agent as to what acts were done by him in the way of setting apart the machine and separating it from the other machinery shipped to him at the same time, and as to having the same on hand at the time of the trial, for in either case, to constitute a valid offer of delivery, the property must be separated and set apart from the

other machinery with which it was mixed at the time of its receipt, as testified to by the plaintiff's agent. Hamilton v. Ganyard, 34 Barb. (N. Y.) 204; Smith v. Loomis, 7 Conn. 110; McCormick Harvesting Machine Co. v. Balfany, 78 Minn. 370, 81 N. W. 10.

For the error of the court in sustaining plaintiff's objections to the questions propounded to the witness Aldrich, hereinbefore referred to, the judgment of the circuit court and order denying a new trial are reversed.

WHITING, J., taking no part in the decision.