CASE 50.—ACTION BY FAIRBANKS, MORSE & CO. AGAINST
S. W. HELTSLEY & CO.—November 17, 1909.

## Fairbanks, Morse & Co. v. Heltsley

Appeal from Todd Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From a demurrer by defendants, plaintiff appeals.
—Affirmed.

1.  Sales—Contract—Breach—Action for Price.—Where the buyer
    of an engine from a manufacturer notified the seller before
    the engine had been seen, tendered, or delivered that he
    would not accept it, and for this reason there was no delivery
    and the title at all times remained in the seller, he could not
    maintain an action for the price.

2.  Judgment—Res Judicata—Dismissal—Insufficiency of Plead-
    ing.—Dismissal of a seller's action for the price because the
    petition was demurrable for want of facts was no bar to
    another action for breach of contract.

TRIMBLE & MALLORY, GIFFORD & STIENFELD and CHAS.
H. GOWEN for appellant.

C. A. DENNY for appellees.

No briefs—record out of office.

OPINION OF THE COURT BY JUDGE HOBSON—Affirm-
ing.

Fairbanks, Morse & Co. brought this suit against
S. W. Heltsley & Co. in the Todd circuit court. The
defendants demurred to the petition; their demurrer
was sustained. The plaintiff filed an amended peti-
tion. The defendants demurred to the petition as
amended. The demurrer was sustained, and the

plaintiff failing to plead further, the petition was dismissed. The plaintiff appeals.

The facts stated in the petition are briefly these: The plaintiff is a corporation created by the laws of Illinois. On July 30, 1908, it entered into a written contract with the defandants by which it agreed to deliver on board the cars at Elkton, Ky., one 15 horse power gasoline engine, for which the defendants agreed to pay $660. The plaintiff immediately proceeded to build and equip an engine in compliance with the terms of the contract, and crated and prepared it for shipment from its factory to Elkton; but before it was shipped the defendants notified the plaintiff that they would not receive the engine if shipped, or pay for it, and for this reason it did not ship the engine, although ready and willing to do so. No part of the contract price was paid, and on these facts the plaintiff asked judgment for the contract price, $660 and costs.

In Cook v. Brandeis, 3 Metc. 555, the plaintiff sold certain wheat to the defendants to be thereafter delivered, but the defendants, when the time came for delivery, refused to receive it. The plaintiff thereupon sold the wheat for less than the contract price, and brought a suit to recover damages. In defining his rights the court said: "In such case—that is, where the vendee refuses to receive the thing bargained for—the vendor may consider it as his own, as if there had been no delivery, and recover the difference between the value at the time and place of delivery and the contract price; or he may sell it with due precaution and diligence to satisfy his lien for the price, and then he may sue and recover only the unpaid balance of the contract price, or he may consider

it as the property of the vendee subject to his call or order, and then he recovers the full price which the vendee was to pay. In either case the election rests with the vendor; the vendee having violated his contract.'' In the subsequent case of Bell v. Offutt, 10 Bush 632, Bell had sold certain hogs to Offutt to be thereafter delivered, and Offutt declined to take the hogs when tendered. Bell thereupon sold the hogs for less than the contract price, and brought suit for damages. The court there laid down the same rule as in Cook v. Brandeis.

But it will be observed that in both of these cases the seller had sold the property in the open market for the best price attainable, and the court did not have before it the question what he must do to recover the contract price in order that the thing sold might be regarded as the property of the purchaser. This question was presented in Webber v. Minor, 6 Bush, 463, 99 Am. Dec. 688. In that case, the plaintiff had sold a lot of wood, which defendant refused to receive, and brought an action for the price while he still had the wood. The court, holding that he could not recover the price, said: ''According to the case of Cook v. Brandeis and Crawford, 3 Metc. 555, relied on for the appellee, and the authorities therein cited, the appellee might on the refusal of the appellant to receive and pay for the wood, if he was bound to do so by the contract, have either kept the wood and recovered by proper action the difference between its value at the time and place of delivery and the contract price, or he might have sold it with due precaution and diligence, and then have sued for and recovered the difference between the price received and the contract price, or he might upon making an

actual or constructive delivery of the wood have recovered the full contract price, the measure of relief sought in this action.

But, although the evidence conduces to sustain the plaintiff's averments of the contract, and his readiness and offer to deliver the one hundred and fifty-four cords of wood, and the refusal of the defendant to receive it, these facts do not in our opinion constitute, actually or constructively, a complete performance of the contract; for, conceding that a substantial compliance with his undertaking did not require that he should place the wood upon the brickyard against the will of the defendant, he should have set it apart for the defendant, and relinquished his own control of it at or as near to the place of delivery as was reasonably practicable. This would have been a constructive delivery of the wood, not merely an offer or tendency of delivery. Duckham v. Smith, 5 T. B. Mon. 372; 2 Story on Contracts, Sec. 800. And, as there would have remained nothing more for the plaintiff to do to vest the property in the defendant and render the sale absolute, he might then have recovered the contract price of the wood. But he was not entitled to a recovery to that extent upon the allegation and proof only of a tender or offer of delivery, which, if true, neither divested him of the legal title nor the possession of the wood."

This case followed the rule which had been previously announced in Williams, etc., v. Jones, etc., 1 Bush, 621, and it has been followed in Wells v. Maley, 6 Ky. Law Rep. 77; Miller v. Burch (Ky.) 41 S. W. 307, 19 R. 629; Singer Mfg. Co. v. Cheney (Ky.) 51 S. W. 813, 21 R. 550; Hauser v. Tate, 105 Ky. 701, 49 S. W. 475, 20 Ky. Law Rep. 1716. A contrary

rule was not laid down in Jones v. Strode, 41 S. W. 562, 19 Ky. Law Rep. 1117, or in Hollerback and May Contract Company v. Wilkins (Ky.) 112 S. W. 1126. In each of these cases the action was brought to recover damages for the breach of the contract. In Benjamin on Sales, Sec. 1117, the rule is thus stated: "When the vendor has not transferred to the buyer the property in the goods which are the subject of the contract as has been explained in Book 11, as where the agreement is for the sale of goods not specific, or of specific goods which are not in a deliverable state, or which are to be weighed or measured before delivery, the breach by the buyer of his promise to accept and pay can only affect the vendor by way of damages. The goods are still his. He may resell or not at his pleasure. But his only action against the buyer is for damages for nonacceptance. He can in general only recover for the damages that he has sustained, not the full price of the goods.

The law with the reason for it was thus stated by Tindal, C. J., in delivering the opinion of the Exchequer Chamber in Barrow v. Arnaud: "Where a contract to deliver goods at a certain price is broken, the proper measure of damages in general is the difference between the contract price and the market price of such goods at the time when the contract is broken, because the purchaser, having the money in his hands may go into the market and buy. So, if a contract to accept and pay for goods is broken, the same rule may be properly applied, for the seller may take his goods into the market and obtain the current price for them.' "

Here there was a contract to make a gasoline engine, and deliver it on board the cars at Elkton, Ky.

Before the manufacturer had shipped the engine, and before it had been seen, tendered, or delivered to the purchaser, he notified the seller that he would not take it. The property in the engine had not passed. The engine remained at the manufacturer's factory. It was its property, and was subject to its control. The plaintiff had in no manner released its control of the engine. If the engine had been destroyed, it would have been at the plaintiff's loss, and any insurance upon it would have belonged to the plaintiff. That in such a state of case an action for the price cannot be maintained is sustained by the great weight of American authority. Mechem on Sales of Personal Property, Secs. 1091, 1092; Newmark on Sales, Sec. 391; 24 Am. & Eng. Ency. of Law, 1118; Note to Gardner v. Deeds, 7 Am. & Eng. Ann. Cas. 1175, 1176; Oklahoma Vinegar Company v. Carter, 116 Ga. 140, 42 S. E. 378, 59 L. R. A. 122, 94 Am. St. Rep. 112; McCormick v. Belfany, 78 Minn. 370, 81 N. W. 10, 79 Am. St. Rep. 393, and cases cited.

The plaintiff's petition states no facts to constitute a cause of action for damages for the breach of contract. It is simply an action for the price; no facts being stated upon which a judgment for damages could be rendered. The dismissal of this action will not bar another action for damages for the breach of the contract, as a judgment upon an insufficient petition is never a bar to another action.

Judgment affirmed.