WATSON v. PATRICK. (No. 400.)

(Court of Civil Appeals of Texas. El Paso. Feb. 11, 1915. Rehearing Denied March 4, 1915.)

1. APPEAL AND ERROR ☞301—ASSIGNMENT OF ERROR—MOTION FOR NEW TRIAL.

An assignment of error not contained in the motion for new trial, which under Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), constitutes the assignments of error on appeal when a motion for new trial is filed, cannot be considered by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. ☞301.]

2. APPEAL AND ERROR ☞759—ASSIGNMENTS OF ERROR—COPYING IN BRIEF.

Assignments of error, as they appear in the motion for new trial, must be correctly copied in the brief on appeal. in order to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ☞759.]

3. SALES ☞417—BREACH OF CONTRACT BY SELLER—EVIDENCE.

Evidence held to show a seller's breach of contract by failure to deliver.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1173; Dec. Dig. ☞417.]

4. SALES ☞82 — CONTRACTS — PAYMENT OF PRICE.

A contract of sale, which calls for delivery f. o. b. for shipment, does not call for payment or tender before delivery to a carrier.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 229–233; Dec. Dig. ☞82.]

5. SALES ☞161—CONTRACTS—DELIVERY.

Where a seller, under a contract calling for shipment as directed by the buyer, shipped goods contrary to instructions, there was no delivery under the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. ☞161.]

6. SALES ☞161—CONTRACTS—DELIVERY.

Where a seller, under a contract calling for delivery f. o. b. cars and shipments as directed, forwarded goods under a bill of lading, calling for delivery to himself, and the goods were never received by the buyer, there was no delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 377–380; Dec. Dig. ☞161.]

7. TRIAL ☞350—ISSUES—QUESTIONS OF LAW AND FACT.

Where, in an action by a buyer for the seller's breach of contract, the seller claimed damages for the buyer's wrongful attachment, and also prayed judgment for the value of goods shipped, a submission of the issue, "Was defendant [the seller] indebted to plaintiff [the buyer] in the sum of $875 when said attachment was sued out?" involved a question of law and fact, and was improper, since it is only issues of fact. that are for the jury, while questions of law are for the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. ☞350.]

Appeal from Ward County Court; Burch Carson, Judge.

Action by H. H. Watson against T. L. Patrick. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Lacy & Bramlette, of Longview, and John B. Howard, of Pecos, for appellant. B. W. Baker, of Barstow, W. A. Hudson, of Pecos,

and W. B. Brack and J. F. McKenzie, both of El Paso, for appellee.

HIGGINS, J. Watson brought this suit against Patrick to recover damages occasioned by breach of contract for delivery of 30 tons of hay to be delivered f. o. b. Barstow, Tex., and shipped during months of either July, August, or September, as directed by Watson. A number of cars were shipped, and on August 16th Watson instructed Patrick to let the balance of the hay due on the contract come forward to Longview. Six cars were shipped after this instruction was received. Eleven cars in all were shipped under that contract. Subsequently, in the month of October, ten cars were bought and delivered. In November an order for five cars was given, and upon this order four cars were shipped. They were not shipped in accordance with the instructions given, and Watson did not accept same. Watson about this time filed this suit to recover his damages arising from the breach of the 30-car contract. He caused an attachment to be issued, under which the 4 cars last mentioned were seized.

In bar of the suit, Patrick answered, admitting the contract declared upon, but averred that he only received shipping instructions for 11 cars during the months of July, August, and September, and these he had shipped. The answer also contains certain irrelevant matter, constituting no bar to the action, and it will not be stated. By cross-action he alleged the sale and shipment of the four cars in November and prayed judgment for its value. The wrongful issuance of the attachment was also averred and damages claimed by reason thereof.

Upon trial, the cause was submitted upon special issues, and, upon the answers of the jury thereto, judgment was rendered that Watson take nothing by his suit; that Patrick upon his cross-action against Watson recover $599.98, the value of the four cars shipped in November; that Patrick take nothing upon his cross-action for damages arising from the alleged wrongful issuance of the attachment.

[1, 2] The first assignment cannot be considered. There is no such assignment in the motion for new trial which, under chapter 136 of Acts of 1913, constitutes the assignments when a motion for new trial is filed in the court below. Edwards v. Youngblood, 160 S. W. 288; Dees v. Thompson, 166 S. W. 56. And the assignments, as they appear in such motion, must be correctly copied in the brief. Iowa Mfg. Co. v. Walcowich, 163 S. W. 1054; Overton v. K. of P., 163 S. W. 1053; Smith v. Bogle, 165 S. W. 35; Lakeside Irr. Co. v. Buffington, 168 S. W. 21; Coons v. Lain, 168 S. W. 981.

The rule that the assignments, as filed in court below, must be correctly copied in brief, applies in all instances, and it is not

permissible to present reconstructed assignments in brief. Ruth v. Cobe, 165 S. W. 530, and cases there cited.

[3, 4] Other assignments question the sufficiency of the evidence to support the findings and judgment. They must be sustained. The undisputed and admitted facts disclose a breach by Patrick of the 30-car contract, and ensuing damage. On August 16th instructions were given to let the balance of the hay come forward to Longview, but only six cars were so forwarded. Defendants, Patrick and Billberry, testified that they did not forward the balance because they did not consider the shipping instructions sufficient. They did not, in the lower court, undertake to point out in what respect the instructions were insufficient and none is suggested here. They made no complaint to Watson of any want of certainty in shipping instructions. This court can see no insufficiency whatever therein. Furthermore, Patrick and Billberry considered them sufficiently definite to ship six cars thereon, and, if they were sufficient for that number, they would assuredly be sufficient for the entire balance. There was no release or waiver shown by Watson of his claim arising from the breach of this contract. If he did so, it was without consideration and invalid. Neither is there any merit in the suggestion of appellee that, under the contract of purchase, it was necessary for Watson to have alleged and proven a tender of payment. There is no such issue raised by the defendant's pleadings. Furthermore, under no circumstances could Watson have been required to tender payment until the hay was loaded for shipment. It certainly could not be contended that payment or tender of payment was necessary before delivery was made to the carrier. Judgment should have been rendered for the damages sustained by Watson arising from the breach of the 30-car contract.

[5, 6] The judgment in favor of Patrick upon his cross-action for the value of the four cars shipped in November is likewise unsupported by the evidence. In the first place there is no competent evidence of the value thereof. Furthermore, two cars of this shipment were shipped to Longview, contrary to instructions. There was therefore no such delivery in accordance with the contract as would pass the title thereto (Estill v. Weaver, 19 Tex. 543; Hoover v. Maher, 51 Minn. 269, 53 N. W. 646; Simpkins' Contracts and Sales, 347), and, as to the two forwarded to Footes, bill of lading was taken out calling for delivery to Patrick. The two cars were never received by Watson, and title remained in Patrick. Bank v. Railway Co., 79 S. W. 1094; Sohn v. Jervis, 101 Ind. 578, 1 N. E. 73.

Title to the four cars having never passed to Watson, the judgment against him for the purchase price upon theory of a sale and delivery to him is thus wholly unsupported by the evidence.

[7] The seventh assignment complains of the submission of this issue to the jury: "Was defendant indebted to the plaintiff in the sum of $875 when said attachment was sued out?" The assignment is sustained. The issue involved a mixed question of law and fact. It is the sole province of the jury to pass upon issues of fact. Questions of law must be passed upon by the court.

Reversed and remanded.