## Owensboro Wagon Company v. Campbell.

(Decided March 11, 1920.)

W. W. REEVES and E. B. ANDERSON for appellant.

D. G. BOLEYN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

G. W. Campbell, the appellee, entered into a contract with the Owensboro Wagon Company, the appellant, whereby he undertook to deliver to it at Owensboro, Ky., certain hickory timber to be used by it in the manufacturing of wagons. The timber was to be cut in Perry county and shipped to Owensboro. It was to be inspected in Owensboro. Appellant rejected the shipment after having paid the freight on it. It immediatley advised appellee that the shipment had been rejected. At the request of appellee the shipment was unloaded by appellant. It had agreed if it was satisfactory to appellee to inspect the shipment and accept such of the timber as came up to the requirements. Apparently this was satisfactory to appellee, but, upon further investigation and inspection, appellant advised him that it would be best for him to come to Owensboro and examine the shipment. He was advised that it was of little value, and that he should attempt to dispose of the entire quantity of timber elsewhere. Telegrams and letters passed between them. Appellee directed them to ship the material to a company in Illinois. Appellant was willing to do this, but requested the payment of the freight and demurrage

charges which it had advanced, as it was unwilling to ship the material and become responsible for the freight. Appellee declined to pay the freight which had been advanced by appellant, and instead he instituted this suit to recover on the contract. He recovered before a jury the full amount sued for, which was something more than $800 after deducting the freight which had been advanced.

For the breach of an executory contract for the sale of goods the seller is not entitled to recover the contract price, but his remedy is an action for damages. Indiana Tie Co. v. Phelps (Ky.) 124 S. W. 833; Fairbanks, Morse & Co. v. Heltsley, 135 Ky. 397, 122 S. W. 198, 26 L. R. A. (N. S.) 248; Singer Mfg. Co. v. Cheney, 51 S. W. 813, 21 Ky. Law Rep. 550; Barney v. Jolly Hoop, 172 Ky. 99, 188 S. W. 1094. The title to the property under an executory contract does not pass until there has been an inspection and acceptance in accordance with the provisions of the contract.

But these questions need not be considered. Appellant declined to accept the shipment after inspection and the material was held subject to the orders of appellee. He accepted the rejection and treated the timber as his own. This relieved appellant of any further responsibility in the matter other than to take care of the mate rial for a reasonable time until appellee could make disposition of it. The court should have given a peremptory instruction to find for the appellant on the claim of appellee as made in the petition, and appellant was entitled to a judgment on its counterclaim for the amount of money which it had advanced. According to the report of inspection made by appellee, the value of the timber was not as much as the amount which had been advanced by appellant. If the appellant used the material, or failed to properly care for it, or if it did anything else which rendered it liable for the value of the timber, that is another question.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.